## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge William J. Martínez

Civil Action No. 21-cv-0023-WJM-NRN

LANCE GREEN, individually and on behalf of all others similarly situated, and
ANDERSON KHALID, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

PERRY'S RESTAURANTS LTD,
PERRY'S STEAKHOUSE OF COLORADO, LLC, d/b/a PERRY'S STEAKHOUSE AND
GRILLE, AND
CHRISTOPHER V. PERRY,

      Defendants.

---

## ORDER DENYING DEFENDANT PERRY'S RESTAURANTS LTD'S RULE 12(b)(3) MOTION TO DISMISS AND GRANTING DEFENDANT PERRY'S STEAKHOUSE OF COLORADO'S RULE 12(b)(6) MOTION TO DISMISS

---

      This matter is before the Court on Defendants Perry's Restaurants LTD ("PRL"),

Perry's Steakhouse of Colorado, LLC ("PSC"), and Christopher Perry's (collectively,

"Defendants") two Motions to Dismiss certain of Plaintiffs Lance Green and Anderson

Khalid's (jointly, "Plaintiffs") claims ("Motions").  (ECF Nos. 27 & 28.)  For the following

reasons, PRL's Motion is denied, and PSC's Motion is granted.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

      This putative class action arises out of Defendants' alleged failure to pay

Plaintiffs' earned wages due to certain tip-pooling policies.  (ECF No. 1.)  PRL is a

---

[1] The following facts are taken from Plaintiffs' Amended Complaint (ECF No. 13), which the
Court assumes are true for the purpose of resolving the Motions.  *See Ridge at Red Hawk,
L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

limited partnership headquartered in Houston, Texas, and PSC is a limited liability

company and subsidiary of PRL, located in Lone Tree, Colorado.[2]  (*Id.* ¶¶ 22–23.)

Plaintiffs are individuals who were employed by the entity Defendants as servers for

three years and paid a "direct cash wage" of less than minimum wage.  (*Id.* ¶¶ 17–18.)

Plaintiffs initiated this action on January 5, 2021.  (ECF No. 1.)  They filed an

Amended Complaint on February 16, 2021, which is the operative complaint.  (ECF No.

13.)  Plaintiffs bring two claims: (1) failure to pay minimum wage and engaging in

unlawful kickbacks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201, *et seq*.; and (2) failure to pay minimum wage and provide meal and rest periods

in violation of Colorado state wage laws.  (*Id.* ¶¶ 108–25.)  Plaintiffs bring both claims

against all three Defendants.  (*Id.*)

PRL filed its Motion on March 5, 2021.  (ECF No. 27.)  Plaintiffs responded on

July 27, 2021, and PRL replied on August 13, 2021.  (ECF Nos. 49 & 58.)  PSC also

filed its Motion on March 5, 2021.  (ECF No. 28.)  Plaintiffs responded on March 26,

2021, and PSC replied on April 9, 2021.  (ECF Nos. 34 & 35.)

## II. LEGAL STANDARD

**A.    Rule 12(b)(3)**

Rule 12(b)(3) allows a defendant to move to dismiss a complaint due to improper

venue.  Once a defendant challenges venue, the plaintiff carries the burden to show that

venue is proper in the forum district.  *See Gwynn v. TransCor Am., Inc.*, 26 F. Supp.

1256, 1261 (D. Colo. 1998).  "At the motion to dismiss stage, a plaintiff must present

---

[2] The Amended Complaint does not identify Defendant Perry beyond naming him in the caption, but Court imagines that he is an executive of one of the Defendant companies.

only a *prima facie* showing of venue." *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019). "[I]n reviewing a defendant's Rule 12(b)(3) motion to dismiss for improper venue, the Court may examine facts outside of the complaint and must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.* A court must "accept the well-pleaded allegations of the complaint as true to the extent that they are uncontested by the defendant's affidavits." *Id.* (quoting *Karl W. Schmidt & Assocs., Inc. v. Action Envtl. Sols., LLC*, 2014 WL 6617095, at *2 (D. Colo. Nov. 21, 2014)). "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party. *Scott*, 338 F. Supp. 3d at 1324.

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177. In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

**C.   28 U.S.C. § 1404 Transfer of Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

In ruling on a motion to transfer venue, district courts must assess whether the "competing equities" weigh in favor of adjudicating the case in that district.  *See Hustler Magazine, Inc. v. U.S. Dist. Ct. for Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986).  In the context of a § 1404(a) motion to transfer, "[u]nless the balance of the inconvenience is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."  *Evans v. Union Pac. R.R. Co.*, 2014 WL 1309306, at *2 (D. Colo. Apr. 1, 2014) (quoting *Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1229 (D. Colo. 2005)).

## III. ANALYSIS

**A.   PRL's Motion to Dismiss or Transfer Venue**

  i.     *Rule 12(b)(3) Dismissal for Improper Venue*

PRL seeks dismissal of the claims against it pursuant to Rule 12(b)(3) for improper venue, or, in the alternative, transfer of the action to the United States District Court for the Southern District of Texas.  (ECF No. 27.)

4

Venue is proper in a judicial district in which any one defendant resides, if all defendants are residents of the state in which the district is located, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1)–(2).  This substantiality requirement is satisfied if the acts and omissions at issue have a close nexus to the alleged claims.  *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).  A court looks "not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim."  *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001).

First, Plaintiffs argue that PRL's failure to challenge the Court's exercise of personal jurisdiction deems it to reside in Colorado for the purposes of the venue analysis, and therefore venue is proper under § 1391(b)(1).  (ECF No. 49 at 8–9.)  Where a party fails to object to personal jurisdiction by filing a Rule 12(b)(2) motion to dismiss, every court to consider the issue has found that such waiver deems venue proper in the district exercising personal jurisdiction.  *See Ward v. Certain Underwriters at Lloyd's of London*, 2019 WL 2076991, at *4–5 (N.D. Cal. May 10, 2019) ("As far as this Court is aware, every court to consider the issue has held that personal jurisdiction even based on waiver is sufficient to establish 'residency' for the purpose of § 1391(c)(2)."); *see also Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, 2018 WL 797434, at *3 (N.D. Ga. Feb. 8, 2018) (collecting cases).  Thus, this waiver alone is likely sufficient to establish the propriety of venue in this District.  However, because neither the Tenth Circuit nor a District of Colorado has ruled on the issue, for the sake of thorough analysis, the Court will consider whether venue is proper under § 1391(b)(2).

5

Plaintiffs argue that a substantial portion of the events and omissions giving rise to this action arose in this District, as Khalid was employed by PSC in Colorado and suffered the alleged wage and hour violations there.  (ECF No. 49 at 9–12.)  Additionally, they argue that PRL promulgates policies concerning wages and tips which PSC implements in Colorado.  (*Id.* at 11–12; *see also* ECF No. 13 ¶¶ 52–58.)  Further, Plaintiffs assert that PRL hires employees, processes payroll for employees, and sends representatives to Colorado to conduct site visits, as confirmed by attached responses to interrogatories by PRL and photographs of PRL directors at the ribbon-cutting ceremony for PSC's opening.  (ECF No. 49-1; ECF No. 49-3.)

Having reviewed the allegations in the Amended Complaint, the Court finds that Plaintiffs have sufficiently alleged that PRL's policies and practices caused impacts in Colorado, namely, the purported wage and hour violations at issue.  (ECF No. 13 ¶¶ 108–25.)  Because the allegedly unlawful wage policies underlie the violations, there is a nexus between PRL's actions and the violations at issue.  *See Employers Mut. Cas. Co.*, 618 F.3d at 1166.

Given PRL's failure to challenge personal jurisdiction through the filing of a Rule 12(b)(2) motion to dismiss—in addition to the clear and undeniable nexus between the alleged unlawful policies and their effects in Colorado—the Court finds that venue is proper in this District.  Accordingly, PRL's Motion is denied to the extent it seeks dismissal of the action pursuant to Rule 12(b)(3).

ii.    *Section 1404(a) Transfer of Venue*

In the event PRL's Motion is denied as to dismissal, it seeks transfer of the claims against it to the United States District Court for the Southern District of Texas.

6

(ECF No. 27 at 7–13.)  Specifically, it argues that the equities under § 1404(a) necessitate transfer due to considerations of convenience and fairness to PRL and witnesses.  (*Id.* at 9–13.)

In determining whether transfer is appropriate, a court considers the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 929 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  Defendants do not argue that the first, seventh, or eighth factors favor transfer.[3]  (ECF No. 27 at 9.)

First, PRL argues that most of its employees and anticipated witnesses would be inconvenienced by travel from Texas to Colorado should this matter proceed.  (*Id.* at 10.)  However, PRL does not identify particular witnesses who would be inconvenienced by travel and concedes that the parties may conduct depositions remotely.  (*Id.* at 10.) Additionally, the routine work-related travel of PRL employees for site visits and events (ECF No. 49-1; ECF No. 49-3) further undercuts its argument that sending any

---

[3] The Court notes, however, that the first factor favors Plaintiffs, as the Court affords their choice of forum *substantial* deference.  *See Bailey*, 364 F. Supp. 2d at 1229.

employee to Colorado to litigate this action would be an inconvenience warranting transfer.  The Court therefore finds that this factor does not favor transfer.

Second, PRL concedes that most courts currently conduct hearings remotely due to the COVID-19 pandemic but speculates that courts will soon resume in-person hearings, and travel would be inconvenient.  (ECF No. 27 at 11.)  For the same reasons as explained in relation to the prior factor, the Court finds that this factor also does not favor transfer.

Third, PRL argues that its assets are located in Texas, so a judgment against it by this Court would be difficult for Plaintiffs to collect.  (*Id.* at 11.)  Given that courts routinely issue judgments that require satisfaction by out-of-state parties, the strength of this factor is well short of sufficient to overcome Plaintiffs' choice of forum.

Fourth, concerning the advantages and obstacles to a fair trial, PRL argues that "there would be no obstacles to a fair trial in Texas."  (*Id.* at 11–12.)  Wholly apart from PRL's bald and inappropriate effort to shift the burden to Plaintiffs to prove that Texas would be inconvenient, it argues only that Texas would be more convenient for Plaintiffs.  (*Id.*)  However, Plaintiffs already selected Colorado as their forum, and PRL does not argue that litigating in Colorado would interfere with *PRL's* right to a fair trial.  Moreover, "[s]ection 1404(a) only authorizes the transfer of an entire action, not individual claims."  *Chrysler Credit Corp.*, 928 F.2d at 1518.  Given the extraordinary burden severance of the claims against PRL would impose on Plaintiffs, and PRL's failure to identify any obstacles to a fair trial in this District, this factor also militates against transfer.

Fifth, PRL argues that this District's congested docket causes a median time interval of case disposition of approximately 18 months, 50% greater than the disposition time of courts in the Southern District of Texas.  (ECF No. 27 at 12–13.)  Plaintiffs counter this argument with more recent data reflecting a somewhat lower median time interval in this District (7.6 months in this District as compared to 8.2 months in the Southern District of Texas).  (ECF No. 49 at 15.)  Given the insignificant difference in the timing of motions dispositions between the two Districts, Court finds that this factor is immaterial to the analysis and does not favor transfer.

Finally, as to the ninth factor, PRL offers only conclusory statements that its proposed forum would be more convenient as it pertains to practical considerations, repeating that travel to Colorado from Texas for trial would inconvenience it and witnesses.  (ECF No. 27 at 13.)  For the reasons discussed above, such contentions are insufficient to overcome Plaintiffs' choice of forum.

Finding that none of the factors heavily favor transfer, the Court concludes that the equities favor the action remaining in this District, the forum that Plaintiffs have properly selected.  *See Bailey*, 364 F. Supp. 2d at 1229.  As such, PRL's Motion is denied in its entirety.

**B.     PSC's Partial Motion to Dismiss**

PSC argues that to the extent Green or any class members employed at other restaurants assert claims against it, such claims fail because PSC was not their employer within the meaning of the FLSA.  (ECF No. 28 at 2–4.)   Specifically, PSC contends that its only location is in Lone Tree, Colorado, and Khalid is the only named plaintiff who was employed by PSC.  (*Id*. at 3–4.)  In response, Plaintiffs argue that all

9

Defendants were collectively their employers, and therefore PSC may be held liable by all Plaintiffs for FLSA violations, regardless of whether those Plaintiffs physically worked at PSC in Colorado.  (ECF No. 34 at 4–9.)

The Tenth Circuit has adopted the economic realities test for determining the existence of an employment relationship under the FLSA.  *Doty v. Elias*, 733 F.2d 720, 722–23 (10th Cir. 1984).  The Tenth Circuit has set out six factors for courts to consider in performing this test:

> (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business.

*Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

As noted by PSC, Plaintiffs do not specifically allege that PSC exercised supervisory authority over any putative plaintiff other than Khalid.  (ECF No. 28 at 2–4; *see also* ECF No. 13 ¶¶ 18, 35, 36, 53 & 55.)  Rather, Green worked at a restaurant in Alabama, and Plaintiffs seek to hold PSC liable for the claims of putative class members in Alabama, North Carolina, and Florida, all in addition to Colorado.  (ECF No. 13 ¶¶ 1, 16.)  Although Plaintiffs argue that they allege PSC's employment relationship to other plaintiffs via their allegations against Defendants collectively, they fail to point to any specific allegations tying any putative plaintiff apart from Green to PSC in particular.[4] (ECF No. 34 at 4–6; ECF No. 13 ¶¶ 18, 35, 36, 53 & 55.)

---

[4] To the extent Plaintiffs focus on allegations that Khalid and the Colorado Class Members may properly assert claims against PSC (ECF No. 34 at 5–6), such argument is inapposite, as PSC only challenges the inclusion of out-of-state Plaintiffs whom it did not employ.  (*See generally* ECF No. 28.)

Considering the complete lack of factual allegations supporting any of the relevant factors of the economic realities analysis, the Court concludes that no employment relationship exists between PSC and Green or any other putative class member who was not directly employed by PSC.  *See Leber v. Berkley Vacation Resorts, Inc.*, 2009 WL 2252517, at *5–6 (D. Nev. July 27, 2009) (dismissing complaint where no specific allegations tied all plaintiffs to employer defendants).  PSC's Motion is therefore granted, and the claims against it are dismissed to the extent they are brought by Green or any other class member who was not employed at PSC's Colorado location.[5]

Dismissal of an action or claim is a harsh remedy, and a court may liberally grant a litigant leave to cure pleading deficiencies.  *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).  Such leave is not to be granted, however, where amendment would be futile.  *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 878 F.3d 1224, 1230 (10th Cir. 2017).  As no employment relationship exists or ever existed between PSC and any Plaintiffs who did not at any time work at that restaurant, amendment would be futile, and the dismissal is therefore with prejudice as to any claims brought by such Plaintiffs and against PSC.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

---

[5] The Court does not discount that other plaintiffs actually employed by PSC may later join this action; claims against PSC by such plaintiffs would, of course, not be barred.

11

1.      PRL's Motion (ECF No. 27) is DENIED;

2.      PSC's Motion (ECF No. 28) is GRANTED; and

3.      Plaintiffs' FLSA claims against PSC are DISMISSED WITH PREJUDICE to the

        extent they are brought by Green or any putative class member who was not

        employed by PSC.

        Dated this 29th day of October, 2021.

                                          BY THE COURT:

                                          _____
                                          William J. Martinez
                                          United States District Judge