IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00023-WJM-NRN

LANCE GREEN and
ANDERSON KHALID, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

PERRY'S RESTAURANTS LTD; and
PERRY'S STEAKHOUSE OF COLORADO, LLC, collectively d/b/a Perry's Steakhouse and Grille,

    Defendants.

---

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

DEFENDANTS PERRY'S RESTAURANTS LTD ("PRL") and PERRY'S STEAK-HOUSE OF COLORADO LLC ("PSC") file this Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 regarding Plaintiffs' claim for compensation on their "related side work" pursuant to the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act ("CWA") as follows:

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Based upon a recent decision by the United States Court of Appeals for the Fifth Circuit abolishing the Department of Labor's analysis of related side work claims, *Restaurant Law Center v. United States Department of Labor*, _____ F.4th _____, 2024 WL 3911308 (5th Cir. Aug. 23,

2024), this Court should dismiss with prejudice all federal and state "related side work" claims in this case.[1]

## II.  MOVANTS' STATEMENT OF MATERIAL FACTS

The following applicable recitation of "material facts" is derived from Plaintiffs' operative complaint in this case.  See **Dkt. No. 13**, Plaintiffs' First Amended Complaint ("Complaint").

1. Paragraph 44 of the Complaint states in pertinent part:

"Plaintiffs and the FLSA Collective have been victimized by Defendants' payment scheme that violates the FLSA. Specifically, Defendants violated Section 203(m), an affirmative defense, by . . . (5) requiring Plaintiffs and the FLSA Collective members to *perform non-tipped work that, although related to Plaintiffs' and the FLSA Collective members' tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek*."

Complaint at p. 14, ¶ 44 (Emphasis Added).

2. Paragraph 55 of the Complaint states in pertinent part:

In addition to performing duties *unrelated* to their jobs as servers, Defendants also regularly and frequently required Plaintiffs and the FLSA Collective members to perform a number of non-tipped duties related to their tipped occupation, including but not limited to: wiping down tables, stocking and setting tables, running food, rolling silverware, and other "side-work." These nontipped duties related to Plaintiffs and the FLSA Collective members' tipped occupation exceeded twenty percent (20%) of their time worked during each workweek.

Complaint at p. 17, ¶ 55 (Original Emphasis).

3. Paragraph 76 of the Complaint states in pertinent part:

In addition to performing duties *unrelated* to their jobs as servers, Defendants also regularly and frequently required Plaintiff Khalid and the Colorado Class members to perform a number of non-tipped duties related to their tipped occupation, including but not limited to: wiping down tables, stocking and setting tables, running food, rolling silverware, and other "side-work." These nontipped duties related to Plaintiff Khalid's and the Colorado Class members' tipped occupation exceeded twenty percent (20%) of their time worked during each workweek, which is a violation of Colorado Wage Laws.

---

[1] For the Court's convenience, the *Restaurant Law Center* decision is attached to this Motion as Attachment "A."

Complaint at pp. 21-22, ¶ 76 (Original Emphasis).

### III. LEGAL AUTHORITY AND ARGUMENT

#### A. INTRODUCTION

As set forth in Part II. above, one of Plaintiffs' claims in this case is that they are entitled to recover alleged unpaid minimum wages based upon Defendants' asserted failure to comply with the so-called "80/20" Rule on "related side work," as well as failure to comply with the recently adopted "30 minute" rule limiting such side work. *See* **Movants' Statement of Material Facts ¶¶ 1, 2, 3 (*Dkt. No.* 13 (Plaintiffs' First Amended Complaint)**, ¶¶ 44, 55, 76.[2]) This claim is now moot.

In the *Restaurant Law Center* decision, the United States Court of Appeals for the Fifth Circuit has now held that the entire construct of the Department of Labor's interpretation for measuring and assessing additional wages for a server's performance of "related side work" is invalid under applicable law, and has correspondingly upheld a nationwide injunction against use of such interpretation and interpretations related to it. *See Restaurant Law Center* at 21.[3]

#### B. FOCUS UPON RELATED SIDE WORK: DEVIATION FROM STATUTORY LANGUAGE

The *Restaurant Law Center* case focused upon the contention that Department of Labor regulations concerning "related side work" were barred because of its failure to adhere to the text

---

[2] In their Complaint, **Dkt. No.** 13 at ¶53, Plaintiffs also contend that they were required to perform side work unrelated to their tipped occupation, and include in the category of such work "polishing glasses, silverware and plates, setting up the cocktail lounge and setting up the bread stations." As has now been made clear in *Restaurant Law Center v. U.S. Department of Labor*, ____ F.4th ____, 2024 WL 3911308 (5th Cir. 8/23/24), such tasks are appropriately considered as part of the side work that is "related" to the tipped occupation. *See* 2024 WL 3911308 at p. 3.

[3] In doing so, the *Restaurant Law Center* Court made clear that its analysis focused exclusively upon the validity of regulations pertaining to "related" side work, and therefore did not pertain to, nor affect, the existing regulations pertaining to so-called "unrelated side work," that is, side work that is completely unrelated to the tipped occupation, such as cleaning toilets and cooking food. Accordingly, the relief being sought by Defendants in this Motion pertains solely to Plaintiffs' claims regarding performance of "related side work" tasks.

of the Fair Labor Standards Act, and also barred because of its failure to comply with the requirements of the Administrative Procedure Act, as now defined by the U.S. Supreme Court's ruling in *Loper-Bright Enterprises v. Raimondo*, 144 S.Ct. 2244 (2024). *Id.* at 17, 20-21.

In so doing, the *Restaurant Law Center* Court determined first that regardless of how long the Department of Labor's 80/20 rule had been in effect, such a longstanding agency practice might have the "power to persuade," but has never had the "power to control." *Restaurant Law Center* at p. 16, citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). The *Restaurant Law Center* Court went on to indicate that the DOL's agency practice could not "defeat a statute's text by 'adverse possession.'" *Id.* citing *Airlines for Am. v. Dep't of Transp.*, No. 24-60231, 2024 WL 3580314, at *3 (5th Cir. July 29, 2024) (quoting *Rapanos v. United States*, 547 U.S. 715, 752 (2006)). Accordingly, the *Restaurant Law Center* Court held that the 80/20 standard, however longstanding, could not defeat the FLSA's plain text. *Id*.

The *Restaurant Law Center* Court further determined that the rule in question likewise violated the Administrative Procedure Act because it was adopted arbitrarily and capriciously. *Id.* at 19-21.

### C. RELIEF GRANTED BY *RESTAURANT LAW CENTER* COURT.

On those bases, the *Restaurant Law Center* Court stated that the Administrative Procedure Act directed it to hold unlawful and set aside the agency action in question. *Id*. citing 5 U.S.C. §706(2). Given the injunctive relief requested by the Plaintiffs, the *Restaurant Law Center* Court held that it would grant such request and enjoin use of the DOL Rules in question by vacating such action, given that the Rules in question suffered from a fundamental substantive defect that the DOL could not rectify on remand. *Id*. at 21 *citing Data Mktg. P'ship, LP v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022); *Braidwood Mgmt., Inc. v. Becerra*, 104 F.4th 930, 952 (5th Cir.

2024); *Chamber of Com. of the U.S. v. U.S. Sec. & Exch. Comm'n*, 88 F.4th 1115, 1118 (5th Cir. 2023). Accordingly, the United States Court of Appeals for the Fifth Circuit has now invalidated nationwide the "related side work" rule and claims in their entirety.

### D. IMPACT OF *LOPER BRIGHT V. RAIMONDO* IN THE TENTH CIRCUIT AND IN COLORADO STATE COURTS

The *Restaurant Law Center* Court's decision is the first decision evaluating the Department of Labor's interpretation of "related side work" since the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 144 S.Ct. 2243 (2024) overturning the *Chevron USA Inv. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) decision requiring agency deference in statutory interpretation. In the wake of the *Loper-Bright* decision, the United State Court of Appeals for the Tenth Circuit has issued decisions similar to that of the *Restaurant Law Center* Court rejecting agency interpretation of certain laws. It has instead focused upon its own interpretations of those laws. *See Sunnyside Coal Company v. Director Officer of Workers Compensation Programs United*, --- F.4th --- (10th Cir. 2024), 2024 WL 3764555 (citing *Loper-Bright*, the 10th Circuit opined, "We give no deference to the Board's interpretation of the statute.... Neither is the OWCP's interpretation of the statutes entitled to deference.").[4]

Similarly, Colorado state courts have analyzed Colorado statutes against the backdrop of the *Loper-Bright* decision in support of their findings. *See HCPI/CO Springs Ltd. P'ship v. El Paso County Board of Comm'rs*, --- P.3d ---, 2024 WL 3611016 *3 (Colo. App. 2024) (*citing Loper-Bright*'s holding "under the federal Administrative Procedure Act, it's the court's responsibility 'to decide whether the laws means what the agency says.'").[5]

---

[4] For the Court's convenience, the *Sunnyside Coal* case is attached to this Motion as Attachment "B."

[5] For the Court's convenience, the *HCPI/CO Springs* case is attached to this Motion as Attachment "C."

Further, in applying state law, Colorado courts have long held that agency interpretations of statutes are not binding on the court. *Nieto v. Clark's Mkt., Inc.*, 488 P.3d 1140 (Colo. Sup. Ct. 2021). In *Nieto*, the Colorado Supreme Court stated:

> "we are unwilling to adopt a rigid approach to agency deference that would *require* courts to defer to reasonable agency interpretation of an ambiguous statute even if a better interpretation is available. True, we have, at times, appeared to embrace *Chevron-style* deference for purposes of the Colorado Administrative Procedures Act. But in other cases, we have made clear that, while agency interpretations should be given due consideration, they are not binding on the court."

*Id.* at 1149 (internal citations and quotations omitted); *see also Brunson v. Colo. Cab. Co., LLC*, 433 P.3d 93, 96 (Colo. App. 2020) ("When a promulgating body provides an interpretation contained on other formats, such as opinion letters, internal agency guidelines, manuals or bulletins – all of which lack the force of law – such interpretations are 'entitled to respect,' but only to the extent that those interpretations have the 'power to persuade.'")

Accordingly, this Court should reject the Department of Labor's and Colorado Department of Labor's interpretations of the interplay between the FLSA and claims premised upon alleged excessive related side work consistent with *Loper-Bright* and adopt the ruling of the Fifth Circuit's decision in *Restaurant Law Center*.

### E. PLAINTIFFS' RELATED SIDE WORK CLAIMS FAIL AS A MATTER OF LAW

**1.** *Plaintiffs' Federal Law Related Side Work Claims Fail As A Matter Of Law*.

Plaintiffs' federal law "related side work" claims are moot pursuant to the *Restaurant Law Center* decision. There is no dispute that the tasks in Paragraph 55 of the First Amended Class Action and Collective Action Complaint are considered "related side work." *See* **Movants' Statement of Material Facts ¶ 2** (*Dkt. No.* **13** (**PLAINTIFFS' FIRST AMENDED COMPLAINT**), ¶55). There is no dispute that the *Restaurant Law Center* decision clearly stated "the Final Rule applies the tip credit in a manner inconsistent with the FLSA's text." *Restaurant Law Center, at p. 17*.

Further noting the Final Rule "leads to strange scenarios where a single employee performing the exact same duty might or might not qualify for the tip credit depending on context. " *Id. at 19.* Specifically providing an example of a bartender who retrieves a beer from the storeroom per a customer request compared to that same bartender who retrieves a case of beer from the same storeroom. *Id.* In the former situation, he is performing "tip-producing work" per the Final Rule. *Id.* In the latter scenario, he is performing "directly supporting work" for the same task. *Id.* In addition, the Fifth Circuit rejects the Final Rule's treatment of "related side work" based only on the work's duration, stating, " The Final Rule ties the tip credit not to the **CHARACTER** of these various duties as integral to their respective occupations, but to the amount of *time* that these duties take." *Id. at 20* (original emphasis). Because the "related side work" claims at issue in this case have been addressed and rejected by the *Restaurant Law Center* decision, those claims are moot and must be dismissed as a matter of law.

    **2.** *Plaintiffs' State Law Related Side Work Claims Also Fail As A Matter Of Law.*

There is no dispute that the tasks described in Paragraph 76 of the First Amended Class Action and Collective Action Complaint are considered "related side work**.**" See **Movant's Statement of Material Facts ¶ 3 (***Dkt. No.* **13 (PLAINTIFFS' FIRST AMENDED COMPLAINT)**, ¶76). For the reasons outlined in III.E.1, supra, Plaintiffs' state law "related side work" claims are also moot pursuant to the *Restaurant Law Center* decision.

Further, as Plaintiffs recognize in their Complaint, the Colorado Department of Labor and Employment ("CDLE") has adopted the 80/20 Rule as its guiding principle regarding compensation for related side work based on the federal Wage and Hour Division's interpretation of the FLSA. Interpretive Notice and Formal Opinion #3C: Tips (Gratuities) and Tipped Employees Under Colorado Law, fn 13 (last updated December 12, 2023).

This Interpretive Notice and Formal Opinion summarizes and interprets the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), a determination which is silent on the legitimacy of the 80/20 or "related side work" rule. The COMPS Orders are issued by the Colorado Department of Labor and Employment. The COMPS Order at issue here is COMPS #36 as referenced in Plaintiffs' Complaint. *See* Complaint ¶¶ 10, 11, 12.

COMPS #36 defines tipped employee as "any employee engaged in an occupation in which s/he customarily and regularly receives more than $30 per month in tips. Code of Colorado Regulations, 7 CCR 1103-1, 1.10. It does not provide a further definition of a tipped employee. Colorado statutes are silent on this issue. *See Colorado Wage Act*, C.R.S. § 8-4-101 *et. Seq.*

The CDLE's interpretation of related side work mirrors the federal interpretation. Interpretive Notice and Formal Opinion #3C: Tips (Gratuities) and Tipped Employees Under Colorado Law, fn 13 (last updated December 12, 2023). The CDLE notes that it has adopted the federal Department of Labor, Wage and Hour Division's interpretation of the FLSA statute because it considered the interpretation to be consistent with existing law. *Id.*

The *Restaurant Law Center* Court has now decreed that the Department of Labor's unilateral expansion of the FLSA regarding related side work is invalid and has enjoined enforcement of such interpretation nation-wide. Accordingly, Defendants contend that the CDLE's interpretation pertaining to related side work as a basis for recovering allegedly unpaid wages is contrary to existing law per the *Restaurant Law Center* decision. The state agency adoption of the same interpretation is no longer valid given that the federal interpretation is no longer valid. Accordingly, consistent with federal and state authority, the state related side work claim likewise should be dismissed with prejudice because of its all-encompassing reliance upon an interpretation of the Fair Labor Standards Act that has now been abolished.

## IV. CONCLUSION

Therefore, Plaintiffs' federal and state related side work claims asserted in the latest operative complaint premised in any manner upon the alleged performance of such related side work as that term is identified in *Restaurant Law Center v. U.S. Department of Labor* are barred as a matter of law and should be dismissed with prejudice.

DATED this 12th day of September, 2024.

Respectfully submitted,

/s/ *Lionel M. Schooler*
Lionel M. Schooler, Texas Bar No. 17803300
Jamila Brinson, Texas Bar No. 24074867
Jaclyn Staple, Texas Bar No. 24114890
Michael Drab, Texas Bar No. 24115826
**JACKSON WALKER L.L.P.**
1401 McKinney Ave., Suite 1900
Houston, Texas 77010
Phone: (713) 752-4516
Fax: (713) 308-4156
Email: lschooler@jw.com
Email: jbrinson@jw.com
Email: jstaple@jw.com
Email: mdrab@jw.com


Allison J. Dodd (#43835)
Gregory S. Carter (#52649)
**MESSNER REEVES L.L.P.**
1550 Wewatta Street, Suite 710
Denver, CO 80202
Phone: 303-623-1800
Fax: 303-623-0552
Email: adodd@messner.com
gcarter@messner.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of September, 2024, the foregoing document was filed via the Court's CM/ECF system, which has generated and delivered electronic notice of filing to all counsel of record who have consented to electronic service.

/s/ *Lionel M. Schooler*