IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00023-WJM-NRN

LANCE GREEN and
ANDERSON KHALID, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PERRY'S RESTAURANTS LTD; and
PERRY'S STEAKHOUSE OF COLORADO, LLC, collectively d/b/a PERRY'S STEAKHOUSE AND GRILLE

Defendants.

---

### ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY
### (ECF No. 157)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an order issued by Judge William J. Martinez, ECF No. 159, referring Plaintiffs Lance Green and Anderson Khalid's ("Plaintiffs") Motion to Compel Discovery, ECF No. 157. Defendants Perry's Restaurants LTD and Perry's Steakhouse of Colorado, LLC ("Perry's" or "Defendants"), filed a response, ECF No. 168, and Plaintiffs replied, ECF No. 176. The Court heard argument from the parties and testimony from Defendants' representative. *See* ECF No. 184. The Court ordered the parties to further confer, and they filed a Status Report on July 26, 2024. ECF No. 185. Now, having taken judicial notice of the Court's file, and considered the applicable federal and state statutes and case law, the Court **GRANTS** the Motion to Compel Discovery, ECF No. 157, as follows.

**I.  BACKGROUND**

This is a wage-and-hours action brought under the Fair Labor Standards Act ("FLSA") and Colorado wage laws. *See generally* ECF No. 1. Plaintiffs were servers at Perry's restaurants in Colorado, Alabama, North Carolina, or Florida. Perry's pays its servers subminimum hourly wages and claims a "tip credit" for a portion of the tips its servers earn to offset Perry's obligation to pay the minimum wage required by Section 206 of the FLSA. Servers are paid a subminimum hourly wage plus tips and are required to contribute a portion of their earned tips to a mandatory tip pool—fixed at 4.5% of each server's food and alcohol sales during their shift—which Perry's uses to offset the servers' subminimum hourly wage and bring their effective rate of pay up to the required minimum hourly wage. However, Plaintiffs allege that Perry's does not distribute the pooled tips solely among customarily and regularly tipped employees, in violation of the FLSA's tip credit.

On November 7, 2022, Judge Martinez granted Plaintiffs' motion to conditionally certify this action to proceed as an FLSA collective action. ECF No. 91. The Court held a Scheduling Conference on January 24, 2023. *See* ECF No. 106. Numerous discovery disputes and hearings followed. At a Status Conference held on May 30, 2024, the parties discussed issues raised in Status Reports and responses thereto submitted to the Court at ECF Nos. 148, 149, and 150. *See* ECF No. 151. The Court ordered Plaintiffs to file a formal motion with the Court. *Id.* The subject Motion to Compel

followed, the heart of which is the production of clock-in/clock-out records for tip-pool recipients in Colorado, Alabama, North Carolina, and Florida from 2018 to the present.[1]

The Court held an in-person hearing on the Motion to Compel. Plaintiffs reiterated that the clock-in/clock-out records are highly relevant in demonstrating that Perry's used the tip pool to pay employees engaged in non-tipped work, which invalidates Perry's tip credit affirmative defense. Indeed, according to Plaintiffs, the small sample of these records that they do possess shows that some tip pool recipients worked before the restaurants were even open for guests.

The Court also heard testimony from a Perry's representative who testified regarding the difficulties of assembling, reviewing, and producing the all the clock-in/clock-out records Plaintiffs seek. In short, Perry's contends that the database in which the time clock records are kept are not easily searchable or sortable, especially given the volume of documents sought by Plaintiffs.

The Court stated that it was inclined to conclude that Perry's clock-in/clock-out records were relevant under Rule 26(b)(1), but credited Perry's claim that producing them would be time-consuming and excessively burdensome. The Court ordered the parties to meet and confer regarding the production of a sample of tip pool recipients' time records, rather than an all-or-nothing approach.

The parties filed a Status Report indicating that they could not come to an agreement. ECF No. 185. Plaintiffs maintain that,

> [g]iven that it is Defendants' burden to demonstrate that it operated a lawful tip pool, and given that Defendants purported to operate a weekly tip pool,

---

[1] The Motion to Compel also references the production of employee schedules, but Plaintiffs' counsel stated at the hearing that these documents would not be that useful and instead focused on the time-clock records.

3

>all of the clock-in/out records of tip pool recipients from the relevant time period are discoverable in this case and, in fact, Defendants cannot carry their burden on their tip credit defense in the absence of these records for each week.

*Id.* at 3. However, as a compromise, Plaintiffs agreed to accept the clock-in/clock-out records for all tip pool recipients for the first two weeks of each month for a three-year period, except during COVID wherein Plaintiffs requested the time clock records for all tip pool recipients for a bi-weekly pay period in each month.

Perry's declined this offer, stating that "[c]onducting such varied searches for partial weeks of each month over the more than five year timeframe would only exacerbate the undue burden of searching for each time clock record for each of the tip pool recipients and reviewing them to ensure their accuracy and completeness." *Id.* at 5. Instead, Perry's made the following sampling proposal:

- Defendants agreed to provide the time clock records for up to 35% of all tip pool recipients (approximately 385 employees) in each of years 2021, 2022, and 2023.

- The sampling of up to 35% of tip pool recipients would be selected by Plaintiffs' counsel, and Defendants agreed to provide a pivot chart showing the following information for all tip pool recipients for 2021, 2022, and 2023 to enable plaintiffs counsel's informed selection of the individual employees who would make up that sampling: file number, first and last name, and job code (Defendants have produced the list of job codes/positions at ECF 168-1 at p. 33–34).

- Defendants agreed to provide these time clock records within 60 days from the date the Court enters the agreed order.

- After the receipt and review of such records, Plaintiffs would reserve their right to seek further time clock records, and Defendants would reserve their right to raise objections to Plaintiffs' subsequent requests/motion to compel.

*Id.* at 6.

Plaintiffs contend that it is not practical for them to select the names of tip pool recipients at random and this will "turn the discovery process into a game of chance." *Id.* at 4.

## II. RULING

Federal Rule of Civil Procedure 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of discovery resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court finds that the clock-in/clock-out records are relevant to Plaintiffs' wage claims and Perry's tip credit defense. The Court also finds that, based on the declarations submitted by Perry's, ECF Nos. 168-1 and 168-2, and the hearing testimony, it would be unduly burdensome and not proportional to the needs of the case to require Perry's to produce the weekly clock-in/clock-out records for over 1,000 tip pool recipients from 2018 onwards. Therefore, the Court will order the production of a sample of the clock-in/clock-out records. In doing so, the Court will give Plaintiffs the following option. They can either

(1) Accept Perry's proposal, except that Perry's will provide the clock-in/clock-out records for at least **50%** of all tip pool recipients for the years 2021, 2022, and 2023. This will reduce the probability that Plaintiffs will be "unlucky" in the records they receive; the likelihood of which already appears low given the "smoking gun" evidence they obtained from the small sample of time clock records they already obtained; or

5

(2) request specific **weekly** clock-in/clock-out for **all tip pool recipients**, but Plaintiffs are limited to a total of **52 weeks** over the relevant period. After the receipt and review of such records, Plaintiffs would reserve their right to seek further time clock records, and Perry's would reserve their right to raise objections to Plaintiffs' subsequent requests/motion to compel.

Plaintiffs will inform Defendants of their choice on or before **October 11, 2024**. The parties shall file a Status Report with the Court on or before **October 25, 2024** regarding how this discovery will proceed and any adjustments that need to be made to the Scheduling Order.

                                             **SO ORDERED**.

Date: October 9, 2024

                                                           N. Reid Neureiter