IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00023-WJM-NRN

**LANCE GREEN** and
**ANDERSON KHALID**, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

**PERRY'S RESTAURANTS LTD**;
**PERRY'S STEAKHOUSE OF COLORADO, LLC**, collectively d/b/a **PERRY'S STEAKHOUSE AND GRILLE**; and
**CHRISTOPHER V. PERRY**, individually,

*Defendants.*

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

### I.   INTRODUCTION

Defendants filed a motion for partial summary judgment in which they argue that one of Plaintiffs' theories supporting their minimum wage claims in this case fails as a matter of law.[1] Specifically, the Plaintiff-servers in this case alleged that although they were paid the lower, "tipped" minimum wage under the Fair Labor Standards Act ("FLSA"), Defendants were obligated to pay them the full statutory minimum wage per hour because Defendants required them to spend a substantial amount of time (i.e., more than twenty percent) engaged in related, "non-

---

[1]   Plaintiffs also asserted that they are owed the full statutory minimum wage because Defendants:
   (1) failed to allow Plaintiffs and the FLSA Collective members to retain all of their tips;
   (2) required Plaintiffs and the FLSA Collective members to contribute tips to an illegal tip pool;
   (3) required Plaintiffs and the FLSA Collective members to incur business expenses;
   (4) required Plaintiffs and the FLSA Collective members to perform non-tipped work *unrelated* to Plaintiffs' and the FLSA Collective members' tipped occupation.
   See Amend. Compl., ECF 13, at ¶ 111.  These separate bases for Plaintiffs' minimum wage claim are not affected by Defendants' motion for partial summary judgment.

1

tipped" duties (such as rolling silverware and wiping down tables). *See* Amend. Compl., ECF 13, at ¶ 55. This substantial "sidework" means that Plaintiffs are not "tipped employees" under the FLSA, and requires payment of the full minimum wage.[2]

Defendants moved for partial summary judgment arguing that a Department of Labor ("DOL") regulation from 2021 ("2021 Rule") that set a twenty percent threshold for "related sidework" is invalid, relying on a recent decision from the Fifth Circuit in *Restaurant Law Center v. United States Department of Labor*, 2024 WL 3911308 (5th Cir. Aug. 23, 2024).

As discussed below, Defendants' motion should be denied for four reasons. First, Plaintiffs' minimum wage claim based on their argument that they worked substantial sidework is grounded in caselaw that predates the 2021 DOL regulation. That caselaw sets a twenty percent sidework threshold in order to assess a servers' status as a "tipped employee." However, even if the twenty percent threshold did not apply, Plaintiffs would still be entitled to show at trial that their sidework was so substantial that it negated their status as tipped employees. Thus, regardless of the status of the 2021 regulation, Plaintiffs' claims survive. Second, Plaintiffs' claims related to their substantial sidework remain in the case because the "dual jobs" regulation, 29 C.F.R. § 531.56(e), and interpretive guidance from the DOL in its Field Operations Handbook ("FOH") remain in force and support Plaintiffs' claims under the 80/20 rule. Third, there is no basis to conclude that the Fifth Circuit's interpretation of the FLSA has any effect on the regulations and interpretive guidance of the Colorado Department of Labor and Employment, and Plaintiffs' state law claims are not impacted by *Restaurant Law Center*. Fourth, there is no

---

**2** An employer may only pay the lower "tipped" minimum wage to "tipped" employees, which the FLSA defines as, "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

2

reason to reach this issue now because the *Restaurant Law Center* litigation is ongoing, with a petition for rehearing having been filed on October 7, 2024, and the Fifth Circuit directing the Appellant to file a response to the petition. Defendants' motion raises a purely legal argument and the presence of these claims in the case does not affect the scope of discovery, and therefore this issue may be revisited once the legal landscape is more clear.

## II.     Plaintiffs' Statement of Facts in Opposition to Defendants' Motion for Partial Summary Judgment

1.     Perry's pays all servers at its Colorado location a subminimum hourly wage and claims a "tip credit" for a portion of the tips servers receive from customers to offset Perry's obligation to pay the required minimum wage under state and federal law. *See* ECF. 162-3 at pp. 28-29 (Employee Handbook); ECF. 162-4, (Khalid Decl. ¶ 4); ECF. 162-5, (Booth Decl. ¶ 4); ECF. 162-6 (Stanko Decl. ¶ 3); ECF. 162-7 (Tarr Decl. ¶ 3); ECF. 162-8 (Johnson Decl. ¶ 3); ECF. 162-9 (McClintock Decl. ¶ 3).

2.     All of Perry's servers, regardless of the location, are required to perform, and spend a large amount of their work time performing non-tipped "side work" at the beginning ("opening side work") and ending ("closing side work") of each shift, as well as continuous side work duties during their shift. *See* ECF. 162-6 (Stanko Decl. ¶ 6-9); ECF. 162-7 (Tarr Decl. ¶¶ 6-9); ECF. 162-8 (Johnson Decl. ¶¶ 6-7); ECF. 162-9 (McClintock Decl. ¶¶ 6-8).

3.     Servers "regularly spent 50% of our [their] shift time" each workweek performing non-tipped duties. ECF 162-4 at ¶ 17; ECF 162-5 at ¶ 17.

4.     Defendants enforced the same side work policies across all locations. Indeed, Defendants' own management across multiple locations confirmed the extensive nature and time of the side work Plaintiffs performed as servers. *See* ECF 176-26 (Email, from GM, Cisneros-

3

AL 23, to corporate stating that "the servers run trays and bus tables, clean their own trivets, do sidework, stations, glassware, silverware and knife plates. It is common for them to be here an hour before the shift and 1.5 to 2 hours after close."); ECF 176-27 (Email, from GM, Murray-NC 29, to corporate stating that "[s]idework. It's a lot of work to do at the end of busy shift. They are tired and then have to do 50 rolls, 2 glass racks, two mise en place plates, and then clean an area; that could be an hour and a half."); ECF 176-28 (Message, from NC Server, stating "I was there 2.5 hrs doing sidework since my last table.").

5.   The various side work tasks are also detailed in lengthy corporate documents. *See, e.g.*, ECF 162-16 (Server Checklists).

### III.   BACKGROUND

The FLSA requires employers to pay their employees wages of not less than $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). However, when an employee is engaged in a tipped occupation, the employer can take advantage of the FLSA's tip-credit provision. *Id.* § 203(m). This permits employers to pay a cash wage of as little as $2.13 per hour as long as the employee's tips make up the difference between the cash wage and the statutory minimum wage. *Id.* The FLSA defines a "tipped employee" as, "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *Id.* § 203(t).

That means that an employer is only permitted to pay less than the required minimum wage when the employee works in a tipped "occupation." However, the statutory text does not define "tipped occupation," nor does it "address the situation where an employee has more than one job for the same employer, only one of which receives tips. Therefore, the DOL promulgated 29 C.F.R. § 531.56(e) ("Dual Jobs Regulation") to fill this gap in the FLSA." *Romero v. Top-Tier*

4

*Colorado LLC*, 274 F. Supp. 3d 1200, 1204 (D. Colo. 2017).

The Dual Jobs Regulation was enacted in 1967. Through this regulation, the DOL explained that there are certain tasks that a server performs that do not generate tips but, nevertheless, are still related to the job of a tipped employee. Such tasks include "cleaning and setting tables" and "making coffee" for "part of [the] time" or "occasionally[.]" *See* 29 C.F.R. 531.56(e) (version prior to Dec. 2021). The 1967 Dual-Jobs Regulation states as follows:

> "(e) *Dual jobs*. In some situations, an employee is employed in a dual job, as for example, where a maintenance man in a hotel also servers as a waiter. In such a situation the employee, if he customarily and regularly receives at least $20 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in this occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting table, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." 29 C.F.R. § 531.56(e) (Sept. 28, 1967).

Since enacting the Dual Jobs Regulation in 1967, courts have frequently interpreted the terms "part of [the] time" and "occasionally." Courts have held that servers may state a claim to recover minimum wage for the time spent on related but non-tipped duties when it constitutes a "substantial amount of time." *See Brown v. Metro Corral Partners, LLC*, No. 1:17-CV-1054-TCB-WEJ, 2017 WL 10752792, at *5 (N.D. Ga. Sept. 21, 2017), *report and recommendation adopted*, No. 1:17-CV-1054-TCB-WEJ, 2018 WL 7079994 (N.D. Ga. Mar. 8, 2018).

Indeed, courts routinely defer to the DOL's interpretation of § 531.56(e) and have held that a "substantial amount of time" is when an otherwise tipped employees performs related,

5

non-tipped work that exceeds 20 percent of the employees' time. *See* FOH § 30d06(e).[3] As the court in *Driver v. AppleIllinois, LLC*, stated "[e]nforcing a temporal limitation on related but non-tipped duties is not radical or even innovative. The DOL Handbook section setting out temporal limitation dates from 1988 …." *Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1033 (N.D. Ill. 2012) (holding that "the DOL's interpretation of a temporal limitation is entitled to deference….").

The DOL Handbook and the relevant caselaw established this 20 percent threshold, and it is consistent with § 531.56(e) and is a reasonable interpretation of the terms "part of [the] time" and "occasionally" used in that regulation. However, as discussed below, even in the theoretical absence of a formal twenty-percent threshold, a server may still seek full minimum wage for non-tipped work that is more than occasional and constitutes a substantial amount of time.

In December 2021, DOL issued a rule after notice and comment that effectively codified its longstanding 80/20 guidance ("2021 Rule"). The 2021 Rule (as the Fifth Circuit summarized) defined directly tip-producing work (e.g., a server "providing table service") and directly supporting work (e.g., a server "setting and bussing tables"), and stated that if a server spent twenty percent of her time on the non-tipped supporting work, then the employer could not take the tip credit for that time. *See Rest. Law Ctr.*, 115 F.4th 396, 400 (5th Cir. 2024). The Fifth Circuit held that the DOL's 2021 Rule was invalid. *See id.* at 409. However, as the Fifth Circuit stated, "in no way does our holding bear on the validity of the [1967] dual-jobs regulation…." *See Rest. Law*

---

[3] *See also Harding v. Steak N Shake, Inc.*, No. 1:21-cv-1212, 2024 U.S. Dist. LEXIS 145232, at *21-24, 30 (N.D. Ohio Aug. 15, 2024) (stating that the court it will apply the 1967 dual jobs regulation to the Plaintiffs' side work claim and 80/20 standard prior to the 2021 Rule).

*Ctr.*, 115 F.4th 396. *See also* 29 C.F.R. 531.56(e).

Thereafter, the DOL filed a petition for rehearing, and the Fifth Circuit ordered the Appellant to file a response.

IV.     DISCUSSION

Perry's moved for partial summary judgment asking the Court to hold as a matter of law that all of Plaintiffs' state and federal minimum wage claims based on their performing substantial, related sidework are "moot" following *Restaurant Law Center*. *See* ECF 190 at p. 6. Defendants' argument is fundamentally flawed for several reasons.

A.     **Plaintiffs' sidework claim is based, in part, on § 531.56(e) and caselaw that predates the "2021 Rule" vacated in *Restaurant Law Center*.**

Regardless of the status of the 2021 Rule, Plaintiffs' minimum wage claims based on their substantial sidework should proceed. Even in the absence of the 2021 Rule setting the twenty percent threshold, the 1967 Dual Jobs regulation and court decisions from around the country hold that if a server's sidework is more than "occasional," and becomes "substantial," then he or she is no longer engage in a tipped occupation.

For example, prior to the 2021 Rule, courts recognized and have routinely held that servers may state a claim to recover full minimum wage for "substantial time" spent on non-tipped duties. *See*, *e.g.*, *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 875 (8th Cir. 2011). As the Court summarized in *Fast*, "DOL regulations recognize that an employee may hold more than one job for the same employer, one which generates tips and one which does not, and that the employee is entitled to the full minimum wage rate while performing the job that does not generate tips. *Id.* at 875 (citing 29 C.F.R. § 531.56(e)). In *Fast*, the court reviewed the relevant caselaw and observed that one must place some temporal limitation on the amount of time a

7

tipped employee can spend performing duties related to her tipped occupation (but not themselves tip producing). *See Fast*, 638 F.3d 872, 880 (8th Cir. 2011) ("A temporal limitation is also consistent with the majority of cases that address duties related to a tipped occupation."); *Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1033 (N.D. Ill. 2012) ("Enforcing a temporal limitation on related but non-tipped duties is not radical or even innovative. The DOL Handbook section setting out temporal limitation dates from 1988…." And holding that "the DOL's interpretation of a temporal limitation is entitled to deference. . . .").[4] As the *Fast* decision and other Circuit Courts recognize, it would defy reason to say that an employee hired nominally as a server, but who spent more than half her workday cleaning toilets, was "engaged in" her occupation as a server during the time that she was cleaning the restroom.

Based on this established caselaw, even if Plaintiffs in this case are somehow barred from relying upon a formal twenty-percent threshold to support their claims to recover full minimum wage for all "sidework," they still must be permitted to move forward with their claims to show that their sidework was so "substantial," that they were no longer engaged in their tipped occupation for significant portions of their shift. Plaintiffs also submit evidence demonstrating the type and extent of their sidework, including that it consumed more than fifty percent of their time, and therefore the question of whether the sidework was "substantial" enough under the

---

[4] *See Marsh v. J. Alexander's LLC*, 905 F.3d 610, 629 (9th Cir. 2018) (explaining, "[a]s the Eighth Circuit recognized in *Fast*, '[b]y using the terms 'part of the time' and 'occasionally,' the regulation clearly places a temporal limit on the amount of related duties an employee can perform and still be considered to be engaged in the tip-producing occupation[]'") (citing *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 879 (8th Cir. 2011) (internal alterations omitted); *see also Knox v. Jones Grp.*, 201 F. Supp. 3d 951, 961 (S.D. Ind. 2016) (applying *Auer* deference because "[t]hrough its use of the terms 'part of the time' and 'occasionally,' the dual-jobs regulation embodies temporal limitations regarding the performance of related, non-tipped duties' (internal alteration omitted).

8

Dual Jobs regulation is a question for a factfinder. *See, e.g.*, *Harding*, 2024 U.S. Dist. LEXIS 145232, at *37 (N.D. Ohio Aug. 15, 2024) (finding that defendant took a tip credit for the time servers spent performing unrelated work in violation of the FLSA, the 1967 dual jobs regulation, and the 80/20 rule. . . .[and] granting] Plaintiffs' motion for summary judgment…with respect to their dual jobs claim[]").

### B.     Even in the absence of the 2021 Rule, caselaw and DOL guidance support use of the twenty-percent threshold.

Based on caselaw that predates the 2021 Rule, Plaintiffs submit that 1967 dual jobs regulation and the 80/20 rule remains the correct threshold. *See Harding*, 2024 U.S. Dist. LEXIS 145232, at *30-31 (N.D. Ohio Aug. 15, 2024) ("The Court will not apply the 2018 Letter or the 2021 regulation. [But] [a]pplying [the] [1967 dual jobs regulation and the 80/20 rule] standards, two rules emerge. First, [defendant] may not claim a tip credit for time its servers performed unrelated work. Second, [defendant] may claim a tip credit for time servers performed tip-supporting work so long as tip-supporting work did not exceed 20% of a server's working hours.").

Importantly, the Fifth Circuit's decision, in *Rest. Law Ctr.*, did not vacate or enjoin the 1967 dual-jobs regulation and judicial interpretations of § 531.56(e) giving deference to the 20 percent standard. *See Rest. Law Ctr. v. United States DOL*, No. 23-50562, 2024 U.S. App. LEXIS 21449, at *22 (5th Cir. Aug. 23, 2024) (stating "in no way does our holding bear on the validity of the dual-jobs regulation, which [was] not challenged here. . . .").

Although the Fifth Circuit was not persuaded by the "80/20 standard, however longstanding. . . [,]"[5] was a proper exercise of the DOL's rule making authority, every circuit court

---

[5]     *See Rest. Law Ctr.*, 2024 U.S. App. LEXIS 21449, at *22 (5th Cir. Aug. 23, 2024).

9

faced with a claim asserted under the longstanding 80/20 rule has granted both the Dual jobs regulation and DOL's interpretation in its Handbook deference, and held that the interpretation is reasonable. *See Fast*, 638 F.3d 872, 880-81 (8th Cir. 2011) (giving deference to the DOL's 20% standard and finding "the DOL's interpretation [] in the [FOH]—which concludes that employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time…is a reasonable interpretation of [the terms 'part of [the] time' and 'occasionally' used in] the [1967 Dual-Jobs] regulation [§ 531.56(e)]. It certainly is not 'clearly erroneous or inconsistent with the regulation.'"); *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 583 (S.D.N.Y. 2015) (explaining that "district courts across the country have likewise endorsed the twenty percent rule") (collecting sources)).[6]

The Tenth Circuit has also deferred to the DOL's interpretation of the FLSA in similar contexts. For instance, in *Romero*, the court relied upon 29 C.F.R. § 531.56(e) and the Field Operations Handbook ("FOH") in determining whether the plaintiff stated a claim for relief under the FLSA. *See Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017). Thus,

---

[6] *See, e.g.*, *Holder v. MJDE Venture, LLC*, No. 1:08-CV-2218-TWT, 2009 U.S. Dist. LEXIS 111353, at *11 (N.D. Ga. Nov. 30, 2009) (giving deference to the 20% standard in the DOL's Handbook 30d00(e) (1988) and stating that "[i]f the Plaintiff, therefore, spent substantial time on work that did not produce tips, the Defendants were required to pay the full minimum wage and could not claim the Plaintiff's tips as wages. . . .") (citing Department of Labor, Field Operations Handbook, 30d00(e) (1988)); *Harrison v. Rockne's Inc.*, 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017) (finding that plaintiffs sufficiently "alleged that they were required to perform non-tipped related duties more than 20% of their regular work[]"); *Callaway v. Denone*, LLC, No. CIV. A. 1:18-CV-1981, 2019 WL 1090346, at *6-7 (N.D. Ohio Mar. 8, 2019); *Ide v. Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga., 2015) (". . . a reasonable interpretation of § 531.56(e) is that [Plaintiffs] would be entitled to minimum wage if [they] [] spend[] more than twenty percent of [their] time performing related but non-tipped duties[]").

consistent with *Romero*, the Tenth Circuit has deferred, and utilized, the 80/20 Rule interpretations based on prior decisions and the DOL Handbook, regardless of the status of the 2021 Rule.

Based on the substantial body of caselaw, which exists independently of the 2021 Rule, not only should Plaintiffs' minimum wage claims based on excessive sidework proceed, but the twenty-percent threshold predates the Fifth Circuit's decision and remains the standard across several circuit courts, including the Tenth Circuit.

        C.        **The Fifth Circuit decision in *Restaurant Law Center* does not affect Plaintiffs' State Law Claims Brought Under Colorado State Laws.**

In their recent motion, Defendants argue that the Fifth Circuit's decision striking a single DOL regulation—specifically, the 2021 Rule—somehow affects Colorado state law. This is incorrect. Just last month, the Colorado Supreme Court affirmed its own authority to interpret the relevant regulations implementing the Colorado Minimum Wage Act, known as COMPS Orders. *See Hamilton v. Amazon.com Servs. LLC*, 2024 CO 60, ¶ 45, 555 P.3d 620, 629. The defendant in *Hamilton* urged the Colorado Supreme Court to set aside the plain language of the relevant Colorado regulation and follow the FLSA. *See id.* at 2024 CO 60, ¶ 43, 555 P.3d 620, 628. The Court rejected defendant's argument and held that "the applicable regulations are plain and unambiguous. Accordingly, we must enforce them as written and need not look to the FLSA for guidance." The same is true here. Indeed, the Tenth Circuit has previously relied upon the Dual Jobs regulation and the Field Operations Handbook in permitting Plaintiffs' to proceed with similar "sidework" claims. *See Romero*, 849 F.3d 1281, 1285 (10th Cir. 2017).

D.  **Given that the *Restaurant Law Center* Litigation is Ongoing, The Court Should Defer Ruling on Defendants' Motion for Partial Summary Judgment**

Finally, although Defendants moved for partial summary judgment following the decision in *Restaurant Law Center*, there is likely no reason to reach the issues raised by Defendants' brief at this time. The *Restaurant Law Center* litigation is ongoing, with a petition for rehearing having been filed on October 7, 2024, and the Fifth Circuit directing the Appellant to file a response to the petition. Moreover, Defendants' motion raises a purely legal argument and the presence of these claims in the case does not affect the scope of discovery. Therefore, this legal issue may be revisited once the legal landscape is more clear.

Respectfully submitted,

By: /s/ *Drew N. Herrmann*
   Drew N. Herrmann
   drew@herrmannlaw.com
   Pamela G. Herrmann
   pamela@herrmannlaw.com
   **HERRMANN LAW, PLLC**
   801 Cherry St., Suite 2365
   Fort Worth, TX 76102
   Phone: 817-479-9229
   Fax: 817-840-5102

   -and-

   Harold Lichten
   hlichten@llrlaw.com
   Matthew Thomson
   mthomson@llrlaw.com
   **LICHTEN & LISS-RIORDAN, P.C.**
   729 Boylston St., Suite 2000
   Boston, MA 02116
   Phone: 617-994-5800
   Fax: 617-994-5801

   ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on October 17, 2024 the above document was be filed via CM/ECF, which will cause a copy to be served on all counsel of record.

By: /s/ *Drew N. Herrmann*
Drew N. Herrmann