IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00023-WJM-NRN

LANCE GREEN and
ANDERSON KHALID, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

PERRY'S RESTAURANTS LTD; and
PERRY'S STEAKHOUSE OF COLORADO, LLC, collectively d/b/a Perry's Steakhouse and Grille,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Defendants respectfully request that the Court grant their pending Motion for Partial Summary Judgment ("Motion"), ***Dkt. No.* 190**, as supported by this Reply ("Reply") to Plaintiffs' Response ("Response") ***Dkt. No.* 198.**

**I.   Introduction**

After *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), courts are directed to apply their own statutory interpretation without consideration of *Chevron*[1] deference to agency interpretations. In *Restaurant Law Center v. United States Dep't of Labor*, 115 F.4th 396 (2024), the United States Court of Appeals for the Fifth Circuit applied *Loper Bright* to evaluate the validity of the U.S. Department of Labor's ("DOL") "80/20 rule" or "20 percent rule" that governs

---

[1] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 476 U.S. 837 (1984).

Plaintiffs' related side work minimum wage claim, as well as the DOL's companion "30 minute" side work rule. 29 C.F.R. §531.56(f)(4)(i)-(ii).[2] This Court similarly should analyze the Fair Labor Standards Act ("FLSA") and the FLSA's Dual Jobs Regulation with respect to related side work, guided by the *Restaurant Law Center* roadmap. That roadmap leads to the destination of dismissal of Plaintiffs' related side work claim in its entirety.[3]

## II. *Restaurant Law Center* did away with the 20 percent *related* side work rule and the 30 minute rule, which is the basis for Perry's Motion.

*Restaurant Law Center* focused on the 20 percent rule, which pertains to related side work, and the companion "30 minute" rule discussed below. Even so, Plaintiffs' Response conflates related side work with parts of the DOL Dual Jobs Regulation that focus upon unrelated side work performed by tipped employees. A brief history of the FLSA's treatment of tipped occupations and "side work" is therefore helpful to understand why Plaintiffs' arguments fail.

In 1966, Congress amended the FLSA to allow employers to pay a subminimum wage to employees working in "tipped occupations" and make up the rest of the minimum wage with a "tip credit." *See* 29 U.S.C. § 203(m)(2)(A); *Restaurant Law Center*, 115 F.4th at 399. In 1967, the DOL enacted a so-called "Dual Jobs Regulation" that dealt with when employees are working two disparate jobs for the same employer, such as a "maintenance man in a hotel [who] also serves as

---

[2] The "30 minute" rule stated that regardless of how much related side work a tipped employee performed during a work week, if that individual was required to perform related side work for more than 30 consecutive minutes at any one time, then that individual was entitled to be paid the full minimum wage without a tip credit for performing such work in excess of 30 minutes. See 29 C.F.R. § 531.56(f)(4)(ii).

[3] Plaintiffs' counsel represents another group of Perry's servers raising the same FLSA "sidework" claims in Texas, see *Paschal, et al. v. Perry's Restaurants Ltd, et al.*, No. 1:22-CV-00027-RP (W.D. Tex.). In *Paschal*, Perry's moved for summary judgment on the same basis as its Motion here at **Dkt. No. 190**. In response, the same plaintiffs' counsel conceded they had no basis to oppose summary judgment dismissing related side work claims because *Restaurant Law Center* imposed binding precedent. *See id.* at **Dkt. No. 155**. This Court should follow *Restaurant Law Center's* sound analysis and hold the same.

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**                                          Page 2 of 11

a waiter." 29 C.F.R. § 531.56(e); *Restaurant Law Center*, 115 F.4th at 399-400. The Dual Jobs Regulation primarily focuses on "unrelated side work"—that is, the performance of a completely different job— but also describes instances where tasks would be considered related side work and thus part of the employee's tipped occupation. *See* 29 C.F.R. § 531.56(e).

In 1988, the DOL attempted to clarify the Dual Jobs Regulation via sub-regulatory guidance in its Field Operations Handbook §30d00(f) ("Handbook"). *Restaurant Law Center*, 115 F.4th at 399-400 (citing 86 Fed. Reg. 60,114, 60,116). The Handbook created the so-called "20 percent rule" or "80/20 rule" for how long a tipped employee could spend on *related* side work:

> (3) However, where the facts indicate that tipped employees spend a substantial amount of time (*i.e.*, in excess of 20 percent of the hours worked in the tipped occupation in the workweek) performing such related duties, no tip credit may be taken for the time spent in those duties. All related duties count toward the 20 percent tolerance.[4]

Dep't of Labor, Wage & Hour Div., *Field Operations Handbook* §30d00(f)(3), *available at* https://www.dol.gov/agencies/whd/field-operations-handbook. Despite the 20 percent designation not appearing anywhere in the FLSA or Dual Jobs Regulation's text, for decades courts based their analysis of side work minimum wage claims on the Handbook. *Restaurant Law Center*, 115 F.4th at 400.

Then, beginning in 2009, each succeeding DOL administration applied its own interpretation of the Dual Jobs Regulation. *Id.* Most recently, there was a 2020 Final Rule that was set to take effect until a different administration came into office and implemented a different 2021 Final

---

[4] The Handbook also contained a provision on *unrelated* side work: "(4) Likewise, an employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation. For example, maintenance work (e.g., cleaning bathrooms and washing windows) are not related to the tipped occupation of a server; such jobs are non-tipped occupations. In this case, the employee is effectively employed in dual jobs."

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                                 Page 3 of 11

Rule. *Id.* The 2021 Final Rule withdrew the 2020 Final Rule and codified the Handbook's 20 percent rule for related side work, and also created the 30 minute rule. *Id.*

Against this backdrop, the *Restaurant Law Center* Court determined the 20 percent rule for related side work (and the companion 30 minute rule) were contrary to the FLSA's text, and were arbitrary and capricious, based upon their improper focus on temporal cutoffs and individual tasks. *See id.* at 407. The FLSA itself and the Dual Jobs Regulation thus remain for this Court to consider under *Loper Bright's* standard as to the issue of "dual-jobs." *See id.* ("in no way does our holding bear on the validity of the dual-jobs regulation"). Despite Plaintiffs' Response that seemingly lumps related and unrelated side work together, *see, e.g.*, **Dkt. No. 198** at p. 2 (referencing "substantial 'sidework'"), Perry's did not move for summary judgment with respect to *unrelated* side work because the 20 percent rule and the 30 minute rule have an impact solely regarding the assessment of *related* side work. *See* **Dkt. No. 190**, pp. 203 (citing specific related side work allegations from Plaintiffs' Complaint).

### III.    Case law interpreting the 20 percent rule is no longer good law.

Plaintiffs argue that, in spite of *Loper Bright*, and the companion ruling in *Restaurant Law Center* invalidating deference to the 20 percent rule and the 30 minute rule, courts still utilize the 20 percent rule. **Dkt. No. 198**, p. 2. The cases Plaintiffs cite in support of that proposition were nearly all decided pre-*Loper Bright*, justifying application of the 20 percent rule because courts were required to apply *Chevron* deference. These cases thus provide no support for the 20 percent rule's or the 30-minute rule's ongoing validity because of their reliance upon superseded analysis that no longer controls.

To illustrate, Plaintiffs' following cases applied the 20 percent rule by examining the Dual Jobs Regulation under the obsolete *Chevron* standard, which is no longer the analysis post-*Loper Bright*, and also by applying the obsolete *Auer*[5] deference to the Handbook. *See* **Dkt. No. 198** at p. 5, *Brown v. Metro Corral Partners, LLC*, No. 1:17-CV-1054-TBC-WEJ, 2017 WL 10752792, at *6-7 (N.D. Ga. Sept. 21, 2017) (*rpt. and rec. adopted*) (applying *Chevron* deference, discussing the Handbook's 20% limitation as persuasive, and denying motion to dismiss based on the 20% rule); Dkt. **Dkt. No. 198**, pp. 6, 8, *Driver v. AppleIllinois, LLC*, 890 F. Supp.2d 1008, 1012-13 & 1035 (N.D. Ill. 2012) (dealing with unrelated, not related, side work claims, applying *Chevron* deference, and noting the Handbook); **Dkt. No. 198**, pp. 7-8, 10, *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 876 & 881 (8th Cir. 2011) (applying *Chevron* deference and determining the Handbook's interpretation governed); **Dkt. No. 198**, p. 8, n. 4, *Marsh v. J. Alexander's LLC*, 905 F.3d 610, 616 (9th Cir. 2018) (noting the Handbook interpreted the Dual Jobs Regulation); **Dkt. No. 198**, p. 10, *Flood v. Carlson Rests. Inc.*, 94 F. Supp.3d 572, 582 (S.D.N.Y. 2015) (citing reasoning of courts that applied *Chevron* and *Auer* deference to DOL interpretations); **Dkt. No. 198**, p. 10, n. 6, *Holder v. MJDE Venture, LLC*, No. 1:08-CV-2218-TWT, 2009 WL 4641757, at *3-4 (N.D. Ga. Dec. 1, 2009) (describing Handbook); **Dkt. No. 198**, p. 10, n. 6, *Harrison v. Rockne's Inc.*, 274 F. Supp.3d 706, 711 (N.D. Ohio 2017) (applying *Chevron* and Handbook to motion to dismiss); **Dkt. No. 198**, p. 10, n. 6, *Callway v. Denone*, LLC, NO. 1:18-CV-1981, 2019 WL 1090346, at *6 (N.D. Ohio Mar. 8, 2019) (Handbook); **Dkt. No. 198**, p. 10, n. 6, *Ide v. Neighborhood Rest. Partners, LLC*, No. 13-Civ-509 (MHC), 2015 WL 11899143, at *6 (N.D. Ga. Mar. 26, 2015) (same, *Chevron* and Handbook). *But see* **Dkt. No. 198**, p. 9, *Harding v. Steak N Shake*, No. 1:21-cv-1212, 2024 WL

---

[5] *Auer v. Robbins*, 519 U.. 452 (1997).

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT**                                                             **Page 5 of 11**

3833341, at *11 (N.D. Ohio Aug. 15, 2024) (applying *Loper Bright*, dealing with servers who engaged in back of house functions of preparing food, operating grill, and cleaning dishes, declining to apply 2021 Final Rule because it was not retroactive, and applying *Auer* deference to Handbook).[6]

In fact, in some of Plaintiffs' cited cases, the defendant raised arguments aligned with *Restaurant Law Center's* invalidation of the 20 percent rule. *See, e.g.*, *Knox v. Jones Grp.*, 201 F. Supp.3d 951, 959 (S.D. Ind. 2016) (defendants argued against *Chevron* deference based on DOL's shifting interpretations of 20 percent rule); *Brown*, 2017 WL 10752792, at *5 (defendant argued Dual Jobs Regulation and Handbook not entitled to deference due to their failure to address ambiguity in 29 U.S.C. § 203(t)); *see also Haase v. Cameron Mitchell Rests., LLC*, No. 2:23-cv-1316, 2024 WL 23159, at *9 (S.D. Ohio Jan. 2, 2024) (defendant argued against *Chevron* deference to 20 percent rule, including due to the rule being arbitrary, capricious, and internally inconsistent). *But see* **Dkt. No. 198**, p. 10, *Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1284 (10th Cir. 2017) (cited by Plaintiffs but determining a different issue: whether an employer meets FLSA's requirements if weekly tips meet or exceed the minimum wage).

This Court therefore should decline to rely on Plaintiffs' cited case law and instead should conduct its own analysis akin to *Restaurant Law Center*.

---

[6] The *Harding* case turned on application of the Handbook under *Auer* deference, which involves courts deferring to agencies' interpretations of their own ambiguous regulations. However, the 2021 Final Rule codified the 20 percent rule from the Handbook. If the 2021 Final Rule did not survive the *Chevron* analysis, then it follows the Handbook should not survive the *Auer* analysis.

### IV. Plaintiffs misapply Colorado law.

With respect to Plaintiffs' Colorado claims, Perry's must first challenge what it considers to be an erroneous statement in Plaintiffs' Response, to wit, that the regulations implementing the Colorado Wage Act, known as COMPS Orders, are statutory in nature. *See* **Dkt. No. 198**, p. 11. That is incorrect. To clarify, the COMPS Orders are agency interpretations of a statute, the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*.

The Colorado Department of Labor and Employment ("Colorado DOL") promulgates regulations in Colorado's Code of Regulations. *See* Colo. Code Regs. Tit. 1100. COMPS Orders are the Colorado DOL's annual interpretations of the Colorado Wage Act. Through the COMPS Orders, the Colorado DOL applies and interprets the Colorado Minimum Wage Act pursuant to its authority promulgated by the State Administrative Procedure Act. *See* 7 C.C.R. § 1103-1, 1.1.

Plaintiffs' Response fails to present or evaluate the fact that, even before *Loper Bright*, Colorado courts had characterized agency interpretations as not binding. *Nieto v. Clark's Mkt., Inc.*, 488 P.3d 1140, 1149 (Colo. Sup. Ct. 2021); *see also Brunson v. Colo. Cab. Co., LLC*, 433 P.3d 93, 96 (Colo. App. 2020). Plaintiffs' Response also fails to address recent Tenth Circuit application of *Loper Bright* to reject agency interpretations in favor of its own interpretations. *See Sunnyside Coal Company v. Director Officer of Workers Compensation Programs United*, 112 F.4th 902 (10th Cir. 2024). Perry's contends that this Court is thus directed under *Loper Bright* and Colorado law to analyze the FLSA, the Colorado Wage Act, and the Dual Jobs Regulation with respect to Plaintiffs' related side work claim and correspondingly should hold, in conformity with *Restaurant Law Center*, that such claims should be dismissed.

Plaintiffs rely upon *Hamilton v. Amazon.com Servs. LLC*, 55 P.3d 620 (Colo. 2024) for the proposition that Colorado state law is unaffected by *Loper Bright*. That reliance is misplaced. *Hamilton* dealt with a COMPS order related to how to define the regular rate of pay—not the statute or issues in this case or raised by Perry's Motion. *Hamilton*, 555 P.3d at 625. The *Hamilton* court was presented with an unambiguous regulation, *id.* at 629, which is not the case here. And *Hamilton* also recognized that Colorado courts rely upon federal cases "construing federal enactments that closely parallel the state provision at issue." *Hamilton*, 555 P.3d at 626. There is a close parallel: the Colorado Department of Labor adopted the 20 percent rule based on the federal Wage and Hour Division's interpretation of the FLSA. *See* Interpretive Notice and Formal Opinion #3C: *Tips (Gratuities) and Tipped Employees Under Colorado Law*, fn. 13 (last updated December 12, 2023). However, the state agency parallel is no longer valid given the invalidity of the federal 2021 Final Rule. For these reasons, summary judgment is appropriate as to Plaintiffs' Colorado state law claims premised upon related side work.

## V. The Restaurant Law Centers litigation is not "ongoing" so as to have any impact upon Perry's Motion.

Plaintiffs argue that *Restaurant Law Center* is "ongoing" litigation such that ruling upon the Motion now is premature. **Dkt. No. 198**, pp. 3, 12. To support this argument, Plaintiffs refer to the DOL's October 7, 2024, filing of a Petition for Rehearing with the Fifth Circuit, **Dkt. No. 198**, p. 12, to create the illusion that the DOL is challenging the substance of *Restaurant Law Center's* holding.

The DOL is not.

The DOL sought rehearing solely to request that the Fifth Circuit clarify certain verbiage in its holding. The Fifth Circuit held, "We RENDER summary judgment for the Associations and

VACATE the Final Rule." *Restaurant Law Center*, 115 F.4th at 410 (Aug. 23, 2024). As explained above, there was a 2020 Final Rule that did not take effect and a 2021 Final Rule that was the subject of *Restaurant Law Center*. The DOL withdrew the 2020 Final Rule by way of the 2021 Final Rule. 86 Fed. Reg. 207 at 60115 (Oct. 29, 2021). When read as a whole, the *Restaurant Law Center* August 23, 2024 opinion was clear that the Fifth Circuit did not intend to vacate the withdrawal of the 2020 Final Rule by withdrawing the 2021 Final Rule. The DOL thus sought rehearing solely for the court to clarify that its withdrawing of the 2021 Final Rule did not undo the DOL's prior action withdrawing the 2020 Final Rule. *See* Exh. A, p. 8 ("In order to eliminate any ambiguity in this Court's ordered remedy … we respectfully request that this Court amend the final sentence of its opinion … or otherwise clarify that its vacatur order is limited to the portions of the 2021 Rule at issue in this litigation and does not disturb the Department's unchallenged decision to withdraw the 2020 Rule.").

Indeed, the Fifth Circuit's Order on Petition for Panel Rehearing, rendered October 29, 2024, clarifies its August 23, 2024 opinion by substituting it with the Circuit's October 29, 2024 opinion. *See* Exh. B, p. 2. The Fifth Circuit's substituted opinion solely modifies the Circuit's holding as follows, "We RENDER summary judgment for the Associations and VACATE the Final Rule <u>insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967</u>." *Id*., p. 22 (emphasis added). The October 29, 2024 substituted opinion has no impact upon the related side work issue raised in Perry's Motion. Despite Plaintiffs' representation that Perry's Motion would not impact discovery's scope, **Dkt. No. 198** p. 3, granting the Motion will eliminate the need to elicit facts and testimony regarding related side work, significantly streamlining discovery.

## VI. Conclusion

As explained above, Plaintiffs' related side work claim is now barred in its entirety. Partial summary judgment in favor of Defendants Perry's Steakhouse Ltd and Perry's Steakhouse of Colorado, LLC on such claim is therefore appropriate.

DATED this 31st day of October, 2024.

Respectfully submitted,

 /s/ Jaclyn C. Staple
Lionel M. Schooler, Texas Bar No. 17803300
Jamila Brinson, Texas Bar No. 24074867
Jaclyn Staple, Texas Bar No. 24114890
Michael Drab, Texas Bar No. 24115826
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Phone: (713) 752-4516
Fax: (713) 308-4156
Email: lschooler@jw.com
Email: jbrinson@jw.com
Email: jstaple@jw.com
Email: mdrab@jw.com

Allison J. Dodd (#43835)
Gregory S. Carter (#52649)
**MESSNER REEVES L.L.P.**
1550 Wewatta Street, Suite 710
Denver, CO 80202
Phone: 303-623-1800
Fax: 303-623-0552
Email: adodd@messner.com
gcarter@messner.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on October 31, 2024, the foregoing document was filed via the Court's CM/ECF system, which has generated and delivered electronic notice of filing to all counsel of record who have consented to electronic service.

      /s/Jaclyn C. Staple
      JACLYN C. STAPLE