**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0023-WJM-NRN

LANCE GREEN, and
ANDERSON KHALID, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

PERRY'S RESTAURANTS LTD, and
PERRY'S STEAKHOUSE OF COLORADO, LLC, collectively d/b/a PERRY'S STEAKHOUSE AND GRILLE,

    Defendants.

---

### ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Before the Court is Defendants Perry's Restaurants LTD ("PRL") and Perry's Steakhouse of Colorado, LLC's ("PSC") (jointly, "Defendants"), Motion for Partial Summary Judgment. (ECF No. 190.) Plaintiffs Lance Green and Anderson Khalid, individually and on behalf of all others similarly situated (jointly, "Plaintiffs"), filed a response. (ECF No. 198.) Defendants filed a reply. (ECF No. 201.)

For the following reasons, the Motion is denied.

### I. BACKGROUND[1]

Plaintiffs are current and former servers who were employed at Perry's

---

[1] The Background is derived from the parties' briefs (ECF Nos. 190, 198) and Plaintiffs' Amended Complaint (ECF No. 13). Notably, Defendants did not reply to "Plaintiffs' Statement of Facts in Opposition to Defendants' Motion for Partial Summary Judgment." (*See* ECF No. 198 at 3-4); *see also* Revised Practice Standard III.F.6. For the purposes of resolving the Motion, which raises only questions of law, the Court thus assumes any relevant facts from the Amended Complaint and Plaintiffs' Statement of Facts to be true.

Steakhouse and Grille locations in Colorado, Alabama, North Carolina, and/or Florida in the three years preceding this class and collective action, which was filed in early 2021. (ECF No. 13 at ¶¶ 1-2, 18, 20; *see also* ECF No. 1.)  They assert claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., as amended ("FLSA"), the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq*. ("CWCA"), and Colorado Overtime and Minimum Pay Standards Order (COMPS ORDER) #36, 7 CCR 1103-1 (the latter two, together, "Colorado Wage Laws").  (*See generally* ECF No. 13.)

As pertinent to the Motion, Plaintiffs allege that Defendants compensated them at a subminimum hourly wage and claimed an improper "tip credit" to offset their obligation to pay Plaintiffs the full minimum wage required under state and federal law.  (ECF No. 198 at 3 ¶ 1.)  Among other reasons, Plaintiffs assert Defendants were not entitled to claim a tip credit because Plaintiffs were regularly required to perform "non-tipped work that, although related to [their] tipped occupation, exceeded twenty percent (20%) of their time worked during each workweek."  (*E.g.,* ECF No. 13 at ¶ 44; *see also* ECF No. 198 at 3 ¶ 3 (asserting Plaintiffs "regularly spent 50% of [their] shift time" each workweek performing non-tipped duties).)  This "related" "non-tipped work" included "wiping down tables, stocking and setting tables, running food, rolling silverware, and other 'side-work.'"  (ECF No. 13 at ¶ 55.)

Plaintiffs assert that their minimum wage claims in this regard are based on the United States Department of Labor's ("DOL") long-standing subregulatory guidance setting forth a 20% threshold for tipped employee time spent performing "related" non-tipped duties, beyond which the employer becomes ineligible to claim a tip credit (the

2

"80/20 Rule"), as well as relevant case law applying that guidance.  (ECF No. 198 at 5-6; *see also* ECF No. 13 at ¶ 76.)

## II. ANALYSIS

In the Motion, Defendants assert that the Fifth Circuit Court of Appeals "has now invalidated nationwide the 'related side work' rule and claims in their entirety."  (ECF No. 190 at 5.)  For this same reason, Defendants seek summary judgment on Plaintiffs' FLSA and state law minimum wage claims premised on allegations that Defendants required Plaintiffs to spend more than 20% of their workweek on non-tipped "related side work."  (*See generally id.*)  Before proceeding to analyze the extent to which the Fifth Circuit's decision "abolish[ed]" or "invalidated" the 80/20 Rule, as Defendants contend (ECF No. 190 at 1, 3), the Court first briefly summarizes the relevant regulatory background and the Fifth Circuit decision upon which the Motion is predicated.

### A.    Relevant Regulatory Background

The FLSA requires covered employers to compensate their employees at a minimum hourly wage rate of $7.25.  29 U.S.C. § 206(a)(1).  However, since 1966, the FLSA has included special provisions concerning the payment of "[t]ipped employee[s]"—that is, "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  *Id.* at § 203(t).  In particular, the FLSA's "tip-credit provision" permits employers to pay their tipped employees "a cash wage of as little as $2.13 an hour, and then use a portion of the employees' tips to make up the difference between the hourly cash wage and the federal minimum wage." *Romero v. Top-Tier Colo. LLC,* 849 F.3d 1281, 1283-84 (10th Cir. 2017) (citing 29 U.S.C. § 203(m)*.*).

In response to Congress's amendment of the FLSA to include the tip-credit

3

provision, the DOL promulgated a regulation to clarify when a tipped employee is "engaged in an occupation in which he customarily and regularly receives . . . tips." *See* 29 U.S.C. § 203(t)*; see also Long Island Care at Home, Ltd. v. Coke,* 551 U.S. 158, 165 (2007) (explaining that the DOL has the power to fill "gaps" as to, for example, the "scope and definition of statutory terms" in the FLSA "through rules and regulations"). The DOL's resulting 1967 "Dual Jobs Regulation"[2] explained:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $[30] a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. . . . Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e) (1967).

Over the following decades, the DOL "issued guidance interpreting the [D]ual [J]obs [R]egulation as it applies to employees who perform both tipped and non-tipped duties, first through a series of Wage and Hour Division ('WHD') opinion letters, and then through WHD's Field Operations Handbook ('FOH')." 86 Fed. Reg. 60,114-01, 2021 WL 5014043, at *60114 (Oct. 29, 2021). Of particular importance here, a 1988 FOH provision ("1988 FOH Guidance") reaffirmed that the Dual Jobs Regulation "'permits the taking of the tip credit for time spent in duties related to the tipped

---

[2] In this Order, "Dual Jobs Regulation" refers to the dual jobs regulation as promulgated in 1967, unless otherwise qualified.

4

occupation, even though such duties are not by themselves directed toward producing tips (*i.e.,* maintenance and preparatory closing activities),' if those duties are 'incidental' and 'generally assigned' to tipped employees." *Id.*  But, the 1988 FOH Guidance expounded, "where the facts indicate that specific employees are routinely assigned to maintenance, *or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties*." *Id.* (emphasis added).  This "80/20 Rule" remained largely undisturbed for 30 years, during which time multiple circuits afforded it deference.[3]  *See Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 879 (8th Cir. 2011) (Dual Jobs Regulation entitled to *Chevron* deference and DOL's interpretations of it, including the 1988 FOH Guidance, entitled to *Auer* deference); *Schaefer v. Walker Bros. Enters., Inc.,* 829 F.3d 551, 554 (7th Cir. 2016) (citing *Fast* for proposition that 1988 FOH Guidance is entitled to *Auer* deference); *Marsh v. J. Alexander's LLC,* 905 F.3d 610, 632 (9th Cir. 2018) (same).

However, in November 2018, during the first Trump Administration, the DOL issued new subregulatory guidance via an opinion letter which rescinded the 80/20 Rule ("2018 Letter").  86 Fed. Reg. 60,114-01, 2021 WL 5014043, at *60114.  The 2018 Letter "provid[ed] that the [DOL] would no longer prohibit an employer from taking a tip credit for the time a tipped employee performs related, non-tipped duties, as long as those duties are performed contemporaneously with, or for a reasonable time immediately before or after, tipped duties." *Id.* at *60114–15.  In October 2019, the DOL

---

[3] In January 2009, WHD briefly superseded the 80/20 Rule but subsequently withdrew its opinion letter and readopted the 80/20 Rule less than two months later.  DOL Opinion Letter FLSA2009-23 (Mar. 2, 2009).

5

proposed a final rule which would have largely codified this guidance ("2020 Final Rule").  *See* 84 FR 53956-01, 2019 WL 4932754 (Oct. 8, 2019).

Yet, before the 2020 Final Rule took effect, the Biden Administration's DOL superseded it with the "2021 Final Rule."  *See* 86 Fed. Reg. 32,818-01, 2021 WL 2551107 (June 23, 2021).[4]  The 2021 Final Rule formally withdrew the 2020 Final Rule's proposed revisions to the Dual Jobs Regulation, instead proposing its own revisions which effectively codified the 80/20 Rule as a matter of regulation.  *See* 29 C.F.R. § 531.56(f).  Specifically, the 2021 Final Rule permitted an employer to take a tip credit, not only for an employee's tip-producing work, but also for other "[w]ork that directly supports the tip-producing work, if the directly supporting work is not performed for a substantial amount of time."  *Id.* at § 531.56(f)(4).  It further defined a "substantial amount of time" as "directly supporting work exceed[ing] a 20 percent workweek tolerance" and, as newly incorporated, "directly supporting work for a continuous period of time that exceeds 30 minutes."  *Id.* at § 531.56(f)(4)(ii).[5]  The 2021 Final Rule went into effect in December 2021.  *See generally* 86 Fed. Reg. 60,114, 2021 WL 5014043.

**B.   *Restaurant Law Center***

In anticipation of the 2021 Final Rule's December 2021 effective date, two

---

[4] Several federal courts declined to afford *Auer* or *Skidmore* deference to the DOL's guidance in the 2018 Letter, which appears to have contributed to the DOL's decision to reconsider it.  *See, e.g., Rafferty v. Denny's, Inc.,* 2021 WL 4189698, at *18 (11th Cir. Sept. 15, 2021).

[5] Defendants assert that Plaintiffs state claims based on the 2021 Final Rule's "30-minute" side work rule.  (*See* ECF No. 190 at 3; ECF No. 201 at 2.)  However, contrary to Defendants' representations, Plaintiffs do not allege in their Amended Complaint that they are seeking to recover under the FLSA or Colorado Wage Laws because they were required to perform "related side work" for more than 30 minutes at a time.  (*See generally* ECF No. 13.)  As the 2021 Final Rule's proposal of a 30-minute threshold thus appears to be irrelevant in this case, the Court will limit its discussion to the 80/20 Rule.

6

special interest groups—the Restaurant Law Center and the Texas Restaurant Association (collectively, the "Associations")—sued the DOL in the Western District of Texas seeking to enjoin its enforcement. Addressing the parties' cross summary judgment motions, the district court granted the DOL's motion, concluding that the 2021 Final Rule was a permissible interpretation of the ambiguous statutory term, "engaged in an occupation," and was thus entitled to deference under *Chevron USA Inc. v. National Resources Defense Council, Inc.,* 4678 U.S. 837 (1984). *Rest. L. Ctr. v. U.S. Dep't of Lab.,* 2023 WL 4375518, at *12, 14 (W.D. Tex. July 6, 2023).

While the Associations' appeal of the district court's order was pending, the United States Supreme Court overruled *Chevron*. *See Loper Bright Enters. v. Raimondo,* 144 S. Ct. 2244, 2273 (2024). Thus, rather than affording *Chevron* deference to the DOL's 2021 Final Rule, the Fifth Circuit opined that it must "return to the [Administrative Procedures Act's ("APA")] basic textual command: 'independently interpret[ing] the statute and effectuat[ing] the will of Congress.'" *Rest. L. Ctr. v. U.S. Dep't of Lab.,* 115 F.4th 396, 404 (5th Cir. 2024) (quoting *Loper Bright,* 144 S. Ct. at 2263). In so doing, the Circuit rejected the DOL's interpretation of when a tipped employee is "engaged in [their] occupation," reasoning instead that the FLSA's definition of "[t]ipped employee" is clear on its face and "does not ask whether duties composing that given occupation are themselves each *individually* tip-producing." 115 F.4th at 406.

The Fifth Circuit continued: "Having concluded the [2021] Final Rule is contrary to the FLSA's text, we could stop here." 115 F.4th at 407–08. It did not. Instead, it went on to find "the [2021] Final Rule is arbitrary and capricious [under the APA] because it draws a line for application of the tip credit based on impermissible

7

considerations and contrary to the statutory scheme enacted by Congress." *Id.* at 409. As for the remedy, the Fifth Circuit concluded that vacatur without remand was appropriate, because in its view the 2021 Final Rule "suffer[ed] from a fundamental substantive defect that the DOL could not rectify on remand." *Id.* at 409–10. Nonetheless, the Circuit's opinion made clear that its holding "in no way . . . bear[s] on the validity of the dual-jobs regulation, which is not challenged here." 114 F.4th at 407.

Later, on the DOL's motion, the Circuit modified its opinion to make clear that its decision vacated the 2021 Final Rule only "insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967." *Rest. L. Ctr. v. U.S. Dep't of Lab.,* 120 F.4th 163, 177 (5th Cir. 2024). The DOL's briefing explained that the revision would preserve that portion of the 2021 Final Rule withdrawing the 2020 Final Rule's *different* revisions to the Dual Jobs Regulation, which was unchallenged by the Associations.

## C. Did the Fifth Circuit's Decision "Abolish" the 80/20 Rule?

The central issue presented by the Motion is whether the *Restaurant Law Center* decision invalidated the entire concept of "related side work" and the corresponding 80/20 Rule, such that Defendants are entitled to summary judgment on Plaintiffs' claims predicated on the same. Here, the Court must specifically determine (1) the effect, if any, of *Restaurant Law Center's* vacatur of the 2021 Final Rule[6] on Plaintiffs' claims in

---

[6] As a preliminary issue, the Court rejects Defendants' characterization of the remedy ordered in *Restaurant Law Center*—specifically, that it "upheld a nationwide injunction against use of [the DOL's] interpretation [of related side work] and interpretations related to it." (ECF No. 190 at 1, 8.) Under Fifth Circuit precedent, an injunction and vacatur are two separate remedies. *See, e.g., Data Mktg. P'ship, LP v. U.S. Dep't of Labor,* 45 F.4th 846, 859-60 (5th Cir. 2022) (collecting cases contrasting injunctions and vacatur, with vacatur being "a less drastic remedy" (quoting *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 165 (2010))). While the Associations sought "*both* vacatur of the [2021] Final Rule *and* a nationwide injunction against its enforcement," the Fifth Circuit concluded *only* "that vacatur is the proper remedy." *Rest. L. Ctr.,* 120 F.4th at 177 (emphasis added). Accordingly, Defendants' stubborn insistence that the Fifth Circuit "enjoined" the DOL's interpretation of related side work is plainly

8

this case, and (2) the effect, if any, of *Restaurant Law Center's* vacatur of the 2021 Final Rule on earlier subregulatory guidance (*i.e.,* the 1988 FOH Guidance) embodying the 80/20 Rule, and upon which Plaintiffs rely in this case.

As to the former inquiry, the Court acknowledges that precedent in other circuits—including the D.C. Circuit—supports the proposition that vacatur of an agency action pursuant to the APA[7] renders the action void as to any regulated person or entity, whether a party to the immediate case or not. *See, e.g., O.A. v. Trump,* 404 F. Supp. 3d 109, 153 (D.C. Cir. 2019) (rejecting argument that vacatur remedy should be limited to the plaintiffs in the case because it would be an illogical result to "'vacate' a rule as to some but not other members of the public").

Still, based on the Court's review, the Tenth Circuit has not expressly addressed the scope of the vacatur remedy. Furthermore, some justices of the Supreme Court have recently expressed disagreement over whether the APA is properly interpreted as authorizing such a global remedy. *See United States v. Texas,* 599 U.S. 670, 695-702 (2023) (Gorsuch, J., concurring) (expressing doubt that "set aside" in the APA authorizes vacatur: "Why bother jumping through [ordinary joinder and class-action procedures] when a single plaintiff can secure a remedy that rules the world?"). The Court is similarly skeptical that it is necessarily obliged to extend the Fifth Circuit's

---

inaccurate—it did not order any type of injunction at all.

[7] The APA directs that, "[t]o the extent necessary to decision and when presented," courts "shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. Reviewing courts "shall . . . hold unlawful and *set aside* agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion." *Id.* at § 706(2)(A) (emphasis added). Courts have long interpreted "set aside" to be synonymous with "vacatur." *See, e.g., WildEarth Guardians v. U.S. Bureau of Land Mgmt.,* 870 F.3d 1222, 1239 (10th Cir. 2017) (recognizing vacatur as a common form of relief granted by district courts under the APA).

vacatur of the 2021 Final Rule to the claims and defenses of the parties in this case.

Ultimately, however, the Court concludes that it need not decide whether the Fifth Circuit's vacatur of the 2021 Final Rule extends to the parties in this case. Plaintiffs' Amended Complaint was filed in February 2021, ten months before the 2021 Final Rule became effective in December 2021.  See Sections II.A, I.B *supra*.  "As a general rule, . . . [n]ewly promulgated agency rules, . . . are . . . given only prospective effect."  *Munoz v. Lynch,* 631 F. App'x 510, 512 (10th Cir. 2015).  Plaintiffs do not cite the 2021 Final Rule as the basis for their related side work claims, let alone argue the 2021 Final Rule should be given retroactive effect.  Thus, setting aside the question of what legally preclusive effect the vacatur decision in *Restaurant Law Center* should be given in this Circuit, the Court declines to apply the 2021 Final Rule's amendments to the Dual Jobs Regulation to Plaintiffs' claims.  *Cf. Harding v. Steak N Shake, Inc.,* 2024 WL 3833341, at *11 (N.D. Ohio Aug. 15, 2024) (declining to apply the 2021 Final Rule to plaintiffs' claims filed in June 2021).

The Court thus turns to the second inquiry: whether the Fifth Circuit's vacatur of the 2021 Final Rule uprooted the earlier sources for the 80/20 Rule that Plaintiffs rely upon in this case—that is, the Dual Jobs Regulation, the 1988 FOH Guidance, and case law applying the same.  (*See generally* ECF No. 198.)

The parties agree that *Restaurant Law Center* had no effect on the validity of the Dual Jobs Regulation.  120 F.4th at 174 (making clear that its holding "in no way . . . bear[s] on the validity of the dual-jobs regulation, which is not challenged here"); (*see also* ECF No. 198 at 9; ECF No. 201 at 4).  But, Defendants argue that after *Restaurant Law* Center, only the Dual Jobs Regulation's concept of *unrelated* side work remains

10

intact. (*See* ECF No. 201 at 4.)[8]  Defendants' argument ignores that the 80/20 Rule has, apart from two brief interludes discussed in Section II.A *supra*, continuously been included in subregulatory guidance interpreting the Dual Jobs Regulation since at least 1988.  And they otherwise fail to convince the Court that it must reject the 1988 FOH Guidance for the same reasons that *Restaurant Law Center* rejected the 2021 Final Rule's codification of the 80/20 Rule.

For one, the precise legal issue in *Restaurant Law Center* was "the validity of the [2021] Final Rule as an interpretation of the FLSA"—not, as here, the validity of the DOL's subregulatory guidance as an interpretation of the Dual Jobs Regulation.  120 F.4th at 170.  Thus, while the demise of *Chevron* featured heavily in *Restaurant Law Center*, it does not bear on the Court's application of the 1988 FOH Guidance.  That is because agency interpretations of their own regulations, like the 1988 FOH Guidance, have *never* received the benefit of *Chevron* deference.  Rather, "[w]hen an agency reasonably interprets a genuinely ambiguous regulation that it has promulgated, federal courts generally defer to that interpretation" under *Auer*—not *Chevron*.  *Suncor Energy (U.S.A.), Inc. v. U.S. Env't Prot. Agency,* 50 F.4th 1339, 1353 (10th Cir. 2022) (citing *Kisor v. Wilkie,* 139 S.Ct. 2400, 2408 (2019); *Auer v. Robbins,* 519 U.S. 452, 461 (1997)).

Defendants appear to conflate *Auer* with *Chevron* in describing it as "obsolete."

---

[8] Plaintiffs also assert minimum wage claims based on Defendants' requiring them to perform inordinate amounts of "non-tipped work *unrelated* to [Plaintiffs'] tipped occupation (i.e., 'dual jobs')" (ECF No. 13 at ¶ 44), such as "polishing glasses, silverware, and plates; cleaning windows; setting up and taking down patio furniture; cleaning and stocking condiments, assisting in kitchen preparation and food preparation; setting up cocktail lounge; and setting up the bread stations" (*Id.* at ¶ 53).  However, Defendants state they only seek summary judgment as to Plaintiffs' claims based on excessive *related* side work.  (ECF No. 201 at 4.)

11

(ECF No. 201 at 5.)  However, *Auer* was not discussed, let alone analyzed, in *Loper Bright,* and federal courts in this Circuit have continued to apply it.  *See, e.g., Save the Colorado v. Semonite,* 2024 WL 4519201, at *20 (D. Colo. Oct. 16, 2024) (applying *Auer* deference to EPA interpretation); *U.S. ex. rel. Schroeder v. Hutchinson Reg'l Med. Ctr.,* 2024 WL 4298655, at *18 n.12 (D. Kan. Sept. 26, 2024) ("The court understands *Auer* deference—when agencies interpret their own regulations—to survive *Loper Bright*.").  Absent further guidance from the Supreme Court or the Tenth Circuit, this Court, too, will continue to follow and apply *Auer.*

Moreover, even if *Auer* deference were no longer warranted, agency interpretations may still be considered persuasive under *Skidmore*.  *Suncor Energy,* 50 F.4th at 1354 (citing *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944)); *see also Save the Colorado,* 2024 WL 45419201, at *17 ("If an agency's interpretation receives no deference, it can still be considered persuasive.")  There can be no doubt as to the validity of *Skidmore* following *Loper Bright,* in which the Supreme Court advised:

> [C]ourts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes.  Such interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the APA.  And interpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning.

*Id.* at 2262 (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (2024)); *see also Loper Bright,* 144 S.Ct. at 3209 (Kagan, J., dissenting) ("[T]he majority makes clear that what is usually called *Skidmore* deference continues to apply.").  Even the Fifth Circuit "pause[d] to note that, . . . in the absence *Chevron,* courts are well-advised to consider agency 'interpretations issued contemporaneously with the statute at issue, and which

12

have remained consistent over time'"—though ultimately opting to substitute the DOL's long-standing interpretation with its own. *Rest. L. Ctr.,* 120 F.4th at 174. The point being—while the Fifth Circuit concluded it would

Still, the Court acknowledges that the Fifth Circuit, too, was informed by case law considering whether to afford *Auer* and/or *Skidmore* deference to the DOL's subregulatory guidance in ultimately deciding to vacate the 2021 Final Rule. In particular, the Fifth Circuit was persuaded by Judge Ikuta's dissenting opinion in *Marsh,* and in summarizing her reasoning in *Restaurant Law Center*, the Circuit observed: "Although *Marsh* examined the validity of DOL's sub-regulatory guidance rather than that of the [2021] Final Rule, these observations remain the same." *Id.* (citing 905 F.3d at 645). Nonetheless, the Fifth Circuit acknowledged that earlier opinions analyzing the DOL's subregulatory guidance in accordance with *Auer* and/or *Skidmore* "[did] not directly bear upon the question that [it was] confronted with" in *Restaurant Law Center.* 120 F.4th at 170. In other words, just as the Fifth Circuit was free to find persuasiveness—or not—in earlier opinions applying *Auer* and/or *Skidmore* to the 1988 FOH Guidance, this Court is free to do the same as to *Restaurant Law Center*'s independent statutory interpretation of the FLSA.

The Court finds further support for its conclusion that the 1988 FOH Guidance (and case law interpreting it) remain valid after *Restaurant Law Center* in the notion that "a vacatur does nothing but re-establish the status quo absent the unlawful agency action." *Texas v. United States,* 40 F.4th 205, 220 (5th Cir. 2022). Prior to the DOL's promulgation of the 2021 Final Rule, the relevant regulatory framework consisted of the Dual Jobs Regulation, as further interpreted by the 1988 FOH Guidance.

13

Thus, as the law currently stands, Plaintiffs are free to base their claims on the 80/20 Rule, as embodied by the DOL's subregulatory guidance interpreting the Dual Jobs Regulation.

### D. Application of 1988 FOH Guidance

The foregoing discussion resolves the bulk of the Motion since the Court has concluded the 80/20 Rule persists, if not as part of the 2021 Final Rule, in the DOL's pre-existing subregulatory guidance. However, in the interest of thoroughness, the Court will accept Defendants' invitation to "conduct its own analysis" of the Dual Jobs Regulation, including an analysis of whether it should defer to the DOL's 1988 FOH Guidance under *Auer* or *Skidmore*.[9] (ECF No. 201 at 6); *cf. Harding,* 2024 WL 3833341, at *7 (undertaking similar analysis following *Loper Bright*).

One other court in this District has previously considered whether to afford *Auer*

---

[9] The Court would be remiss not to also acknowledge that, at the time Plaintiffs filed this lawsuit, the 2018 Letter was also then-current DOL subregulatory guidance. *See* Section II.A *supra.* The DOL deems the 2018 Letter to have been withdrawn simultaneous with the 2021 Final Rule's withdrawal of the 2020 Final Rule. *See* DOL Opinion Letter FLSA2018-27 ("WHD is withdrawing Opinion Letter FLSA2018-27 as of December 28, 2021. This opinion letter is inconsistent with and has been superseded by the Department's Dual Jobs final rule, published on October 28, 2021. . . . [It] may not be relied upon as a statement of agency policy as of the date of withdrawal, December 28, 2021.").

But, to the extent there remains any doubt as to whether the 2018 Letter may apply to Plaintiffs' claims in this case, which were filed before December 28, 2021, the Court adopts the reasoning of the several other federal courts finding that the 2018 Letter is not entitled to deference under *Auer* or *Skidmore. See Rafferty,* 13 F.4th at 1178-90 (finding 2018 Letter was not a reasonable interpretation of the Dual Jobs Regulation and deferring instead to the DOL's 80/20 rule); *Harding,* 2024 WL 3833341, at *9-11 (post-*Loper Bright,* holding 2018 Letter was not persuasive authority and declining to apply it to Plaintiffs' claims); *Flores v. HMS Host Corp.,* 2019 WL 5454647, at *5-6 (D. Md. Oct. 23, 2019) (finding 2018 Letter contrary to the FLSA); *Belt v. P.F. Chang's China Bistro, Inc.,* 401 F. Supp. 3d 512, 533 (E.D. Pa. 2019) (declining to give 2018 Letter *Auer* or *Skidmore* deference and finding instead the 80/20 Rule was a reasonable interpretation and applying it despite the 2018 Letter); *Berger v. Perry's Steakhouse of Illinois,* 430 F. Supp. 3d 397, 410-13 (N.D. Ill. 2019) (same). As such, the Court will not apply the 2018 Letter to Plaintiffs' claims.

14

deference to the 1988 FOH Guidance.  *See Romero v. Top-Tier Colorado LLC,* 274 F. Supp. 3d 1200, 1206 (D. Colo. 2017).  In that case, the court adopted the reasoning of *Fast v. Applebee's International, Inc.,* 638 F.3d 872, 879 (8th Cir. 2011), in which the Eighth Circuit concluded that the 1988 FOH Guidance was entitled to *Auer* deference.  Plaintiffs similarly direct the Court to *Fast.*  (ECF No. 198 at 9-10).

The *Fast* decision first identified the ambiguity presented by the Dual Jobs Regulation as such:

> The [Dual Jobs Regulation] recognizes that an employee may perform "related duties in . . . a tipped occupation" that are not themselves tip producing "part of [the] time" and "occasionally," and that the time spent performing these related duties is subject to the tip credit, but it does not address the impact of an employee performing related duties more than "part of [the] time" or more than "occasionally." Nor does it define "related duties" or address a tipped employee who performs duties unrelated to his tipped occupation.  The [Dual Jobs Regulation's] failure to address these questions makes it ambiguous.

638 F.3d at 877; *see also Romero,* 274 F. Supp. 3d at 1206 (finding the Dual Jobs Regulation to be ambiguous because it "uses, but does not define, the terms 'occasionally,' 'part of [the] time,' and 'related duties'").  This Court agrees that the Dual Jobs Regulation is ambiguous on this point.

Faced with this ambiguity, the Court will defer to the DOL's interpretation of its own Dual Jobs Regulation so long as it is not "plainly erroneous or inconsistent with the regulation."  *Auer,* 519 U.S. at 461 (citations omitted).  Here again, the Court agrees with *Fast* that the DOL's interpretation of the Dual Jobs Regulation—"which concludes that employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time without the tip credit"—is a reasonable one.  *Fast,* 638 F.3d at 880-81.

15

Specifically, the 1988 FOH Guidance resolves the Dual Jobs Regulation's ambiguity by "plac[ing] a temporal limit on the amount of related nontipped work an employee can do and still be considered to be performing a tipped occupation." *Id.* at 881.

Alternatively, the Court finds the 1988 FOH Guidance has the "power to persuade" and as a consequence is entitled to *Skidmore* deference. Under *Skidmore,* "a reviewing court 'accord[s] the [agency's] interpretation a measure of deference proportional to the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade.'" *Suncor Energy,* 50 F.4th at 1354 (quoting *Christopher v. SmithKline Beecham Corp.,* 567 U.S. 142, 159 (2012)).

Even in 1988, the 80/20 Rule represented a culmination of the DOL's continuous efforts "to provide employers with further guidance on the [Dual Jobs Regulation]," primarily through opinion letters. *Marsh,* 905 F.3d at 626. In other words, the 1988 FOH Guidance is consistent with even the DOL's "earlier pronouncements." *Id.;* *Harding,* 2024 WL 38/33341, at *9 ("the 80/20 rule has been the DOL's position for decades, as evidenced by the DOL's multiple amicus briefs defending the rule"); *Christopher,* 567 U.S. at 159; *Haase v. Cameron Mitchell Rests., LLC,* 2024 WL 23159, at *7 (holding that the FOH is a "fair and considered judgment" that "certainly falls within the DOL's substantive expertise" (citation omitted)); *see also Rest. L. Ctr.,* 120 F.4th at 174 (acknowledging the 80/20 Rule is "indeed of some vintage" and that it "might have the 'power to persuade'"). At least this consideration warrants affording the 1988 FOH Guidance under *Skidmore.*

In sum, because the 1988 FOH Guidance is entitled to both *Auer* and *Skidmore*

16

deference, the Court holds that the 80/20 Rule applies to Plaintiffs' FLSA claims.

**E.      State Law Claims**

Finally, the Court addresses the Motion as to Plaintiffs' excessive "related side work" claims arising under the Colorado Wage Laws.  (ECF No. 190 at 1, 6-8.)

The Colorado Supreme Court has expressed a similar "unwilling[ness] to adopt a rigid approach to agency deference that would *require* courts to defer to reasonable agency interpretation of an ambiguous statute even if a better interpretation is better." *Nieto v. Clark's Market, Inc.,* 488 P.3d 11540, 1149 (Colo. 2021).  Nonetheless, it does afford agency interpretations "due consideration."  *Id.*  Indeed, citing *Auer, Skidmore,* and related Supreme Court precedent, one Colorado court explained that "[w]hen a promulgating body provides an interpretation contained in other formats, such as opinion letters, internal agency guidelines, manuals or bulletins—all of which lack the force of law—such interpretations are 'entitled to respect,' but only to the extent that those interpretations have the 'power to persuade.'"  *Brunson v. Colo. Cab. Co., LLC,* 433 P.3d 93, 969 (Colo. App. 2018).  As such, it appears the Colorado courts, too, apply a level of deference to agency interpretations akin to at least that called for in *Skidmore*.

Like the DOL, Colorado's Department of Labor and Employment ("CDLE") publishes guidance interpreting the Colorado Wage Laws.  Defendants direct the Court to the CDLE's subregulatory guidance regarding the 80/20 Rule for "non-tipped work 'directly supporting' tipped work."  *See* Interpretive Notice & Formal Opinion ("INFO") #3C: Tips (Gratuities) and Tipped Employees Under Colorado Wage Law, at 3 (last updated December 21, 2023) ("INFO #3C").  They argue that the CDLE adopted the 80/20 Rule as its guiding principle regarding compensation for related side work based on the DOL's interpretation of the FLSA "because it considered the [DOL's]

17

interpretation to be consistent with existing [federal] law." (ECF No. 190 at 8.) However, given Defendants' position that "the federal interpretation is no longer valid," Defendants also argue, by extension, "[t]he state agency adoption of the same is no longer valid." (ECF No. 190 at 8.)

The latest iteration of INFO #3C indeed includes a supporting citation to that portion of the 2021 Final Rule vacated by *Restaurant Law Center*. INFO #3C at 3 n.13 (citing 29 C.F.R. § 531.56(f)(4)). Nonetheless, the same footnote also states the CDLE "previously applied WHD's 80/20 rule." *Id*.; *see also id.* at 3 (referring to the "traditional '80/20 rule'"). The Court understands this to mean, in context, that the CDLE similarly applied the 80/20 Rule as it existed in the 1988 FOH Guidance, and before the DOL sought to codify it in the 2021 Final Rule. Defendants have given the Court little reason to believe the CDLE would not continue to find the 1988 FOH Guidance instructive— *Restaurant Law Center* aside.

Accordingly, the Court finds, as it did above, that the CDLE's guidance adopting the 80/20 Rule should continue to receive deference under *Skidmore* (or the Colorado courts' similar articulation of that standard) following *Restaurant Law Center*. For the same reason, the Court concludes that Plaintiffs may also continue to rely on the 80/20 Rule as it relates to their claims arising under the Colorado Wage Laws.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion is DENIED.

Dated this 5th day of December, 2024.

BY THE COURT:

William J. Martinez
Senior United States District Judge