**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0023-WJM-NRN

LANCE GREEN, and
ANDERSON KHALID, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

PERRY'S RESTAURANTS LTD, and
PERRY'S STEAKHOUSE OF COLORADO, LLC, collectively d/b/a PERRY'S
STEAKHOUSE AND GRILLE,

      Defendants.

---

**ORDER GRANTING PLAINTIFFS' OPPOSED MOTION TO ENFORCE AND/OR FOR
CLARIFICATION OF THE COURT'S ORDER REGARDING CLASS NOTICE**

---

      Before the Court is Plaintiffs' Opposed Motion to Enforce and/or for Clarification
of the Court's Order Regarding Class Notice ("Motion").  (ECF No. 232.)  Defendants
Perry's Restaurants LTD ("PRL") and Perry's Steakhouse of Colorado, LLC ("PSC")
(together, "Defendants") filed a response.  (ECF No. 237.)  For the reasons set forth
below, the Motion is granted.

**I. ANALYSIS**

      In June 2024, Plaintiffs filed a motion seeking certification of a Rule 23 class
defined as

> All of Defendants' current and former employees who
> worked as servers in at least one week in Colorado within
> the three years preceding the filing of this lawsuit and who
> were paid a subminimum hourly wage pursuant to Colorado
> Wage Law.

(ECF No. 162 at 2; *see also id.* at 20 (same).)  The Court granted that motion and
certified a Rule 23 class with an identical definition (the "Colorado Class") in December
2024.  (ECF No. 206.)  Now, nearly a year later, the parties dispute the temporal scope
of the Colorado Class definition.  (*See generally* ECF Nos. 232, 237.)

Specifically, Plaintiffs argue that it was always their intent that the Colorado Class
definition include any employee who worked as a server at Perry's in Colorado in at
least one week *since* January 5, 2018, three years prior to the filing of this lawsuit.
(ECF No. 232 at 2; ECF No. 1.)  Defendants, on the other hand, argue that the
Colorado Class definition "sets a firm temporal boundary tethered to the Complaint's
January 5, 2021 filing date, and it includes only those servers who worked at least one
shift between January 5, 2018 and January 5, 2021."  (ECF No. 237 at 2.)  Given this
disagreement, Plaintiffs ask the Court to "enforce its class certification Order, including
its Order governing notice, and clarify that the Rule 23 class in this case includes all
'current and former' servers who worked for Perry's in Colorado at any time since
January 5, 2018."  (ECF No. 232 at 3.)

Read in isolation, Defendants' interpretation of the Colorado Class definition is
reasonable.  It is thus fair to say that, as written, the Colorado Class definition is
temporally ambiguous.  Notwithstanding, the Court is convinced that Plaintiffs'
interpretation should control for several reasons.

First, Defendants attempt to place the blame for failing to sooner seek
clarification of the class definition on Plaintiffs, but the Court is convinced that
Defendants had equal notice of the potential ambiguity.  At a very minimum, Plaintiffs'
express indication in March 2025 that they sought an updated list of potential class

members from Defendants capturing the "last-known contact information of any servers *who began work at Perry's more recently*" should have alerted Defendants that Plaintiffs understood the Colorado Class to encompass such servers.  (ECF No. 216 at 3 (emphasis added).)  Contrary to Defendants' arguments, the Court can think of little reason Plaintiffs would need an overinclusive list of servers who commenced work after January 5, 2021 for "administrative notice" purposes if they were clearly excluded from the class definition.  (ECF No. 237 at 7.)  The Court will not reward Defendants for resting on their laurels by adopting Defendants' interpretation of the class definition, especially when such an interpretation would mean that a subset of those servers' claims are now time-barred.

Second, in the Court's view, Defendants' complaints that adopting Plaintiffs' interpretation of the class definition would necessitate "starting over" and result in undue prejudice to Defendants are grossly overstated.  (ECF No. 237 at 8, 10–11.)  Even assuming Defendants' arguments regarding the scope of Plaintiffs' allegations in the Amended Complaint are correct, it would not be necessary for Plaintiffs to further amend their complaint because, at this late stage in the litigation, the Final Pretrial Order—not the Amended Complaint—controls the scope of the claims for trial.  *See Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim.").

Nor is the Court persuaded that interpreting the Colorado Class definition to fairly include those servers who commenced work after January 5, 2021 will necessitate

additional, burdensome discovery. Defendants' arguments in opposition to class certification lead the Court to believe that Defendants have always understood *ongoing* violations of the Colorado Wage Laws are at issue in this lawsuit. (*See, e.g.,* ECF No. 170 at 13 ("Any determination of whether PSC did not pay out all that it collected requires an evaluation for each week over the course of *at least six years*."); *id.* at 20 ("Individualized inquiries would first be required to determine whether side work each class member performed was 'unrelated' to his or her tipped server occupation, or—*for time periods after December 2023*—not part of his or her server job.") (emphases added).) Indeed, Defendants have urged (and re-urged) the Court to find that Plaintiffs' related side work claims are wholesale barred by regulatory changes post-dating the filing of the Amended Complaint. (ECF Nos. 190, 223.)

At any rate, even Defendants' proffered interpretation of the class definition would have included servers who commenced employment at Perry's in Colorado before January 5, 2021 but then *continued* their employment at Perry's beyond that date. Thus, it seems that Perry's post-2021 employment policies are already at issue and this Order may, at most, necessitate that Defendants adjust their trial strategy as to damages in the four months still remaining before trial. As discussed above, Defendants have themselves partly to blame for this result.

For at least these reasons, the Motion is granted to the extent that Plaintiffs seek clarification that the Colorado Class includes servers who worked for Perry's *since* January 5, 2018. That said, given the Court's observation above that the current definition is ambiguous, the Court finds that (1) the Colorado Class definition should be modified to eliminate any ambiguity as to its temporal scope and (2) amended notices

should be distributed to ensure that the putative class members understood they were under an affirmative obligation to opt out if they did not wish to be bound by the results of this litigation.  *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Ramos v. Banner Health,* 2019 WL 646082, at *1 (D. Colo. 2019) ("A court has plenary power to modify the class definition . . . at any time prior to judgment, [and] the parties are free to move for modifications to the class definitions should subsequent events reveal that the class definition is unworkable." (internal citation and quotation marks omitted)).  The Court sets forth an amended class definition and deadlines for Plaintiffs' filing of amended class notices for the Court's approval below.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Opposed Motion to Enforce and/or for Clarification of the Court's Order Regarding Class Notice (ECF No. 232) is GRANTED.

2. The Colorado Class definition is MODIFIED as follows:

All individuals who worked as servers at Perry's Steakhouse in Colorado in at least one week since January 5, 2018, and who were paid a subminimum hourly wage pursuant to Colorado Wage Law.

3. By no later than **December 10, 2025**, Plaintiffs' counsel shall file a motion for approval of amended class notices, in which they shall detail the procedure they will follow to distribute notice to the Colorado Class, and to which Plaintiffs' counsel will

append the following:

       a.     A proposed amended long-form notice;

       b.     A proposed amended reminder notice;

       c.     A proposed order (1) approving the amended notices and procedure for distributing same; (2) setting forth deadlines for the distribution of the amended notices prior to trial; and (3) proposing language to the effect that all actions required of the putative class members, including without limitation a decision of whether to opt out of the Colorado Class, will be determined in accordance with the distribution of the amended notices.

SO ORDERED.

     Dated this 2nd day of December, 2025.

                     BY THE COURT:

                     William J. Martinez
                     Senior United States District Judge