**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 21-cv-0023-WJM-NRN

LANCE GREEN, and
ANDERSON KHALID, individually and on behalf
of all others similarly situated,

      Plaintiffs,

v.

PERRY'S RESTAURANTS LTD, and
PERRY'S STEAKHOUSE OF COLORADO, LLC,
collectively d/b/a PERRY'S STEAKHOUSE AND GRILLE,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

---

Before the Court is Defendants Perry's Restaurants LTD ("PRL") and Perry's

Steakhouse of Colorado, LLC ("PSC") Motion for Reconsideration of the Court's Order

Denying Defendants' Motion for Partial Summary Judgment (the "Motion").  (ECF No.

223.)  Plaintiffs filed a response.  (ECF No. 224.)

For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

In this action, Plaintiffs allege that Defendants committed minimum wage

violations under the Fair Labor Standards Act ("FLSA") and Colorado Wage Act

("CWA") by, among other things, unlawfully "requir[ing] Plaintiffs . . . to perform non-

tipped work that, although related to [their] tipped occupation, exceeded twenty percent

(20%) of their time worked each workweek."  (ECF No. 13 at ¶ 111.)  The twenty

percent figure refers to the United States Department of Labor's ("DOL") longstanding "80/20 Rule."  As set forth at length in the Court's Order Denying Defendants' Motion for Partial Summary Judgment (the "Prior Order") (ECF No. 203), the 80/20 Rule is derived from DOL guidance explaining that the DOL's 1967 Dual Jobs Regulation "permits the taking of the tip credit for time spent in duties related to the tipped occupation," but "where the facts indicate . . . that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties."  86 Fed. Reg. 60,114-01, 2021 WL 5014043, at *60114 (Oct. 29, 2021) (internal citation and quotation marks omitted).

In 2021, the DOL promulgated a final rule that, for the first time, sought to formally codify the 80/20 Rule as a matter of regulation (the "2021 Final Rule").  29 C.F.R. § 531.56(f).  Following the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024)*,* however, the Fifth Circuit vacated the 2021 Final Rule based on its independent interpretation of the FLSA.  *Restaurant Law Center v. U.S. Dept. of Labor,* 115 F.4th 396 (5th Cir. 2024).

Defendants previously moved for summary judgment on Plaintiffs' related side work claims, arguing that the "Fifth Circuit has now invalidated nationwide the 'related side work' rule and claims in their entirety."  (ECF No. 190 at 5.)  The Court disagreed. It reasoned that, irrespective of the status of the 2021 Final Rule following *Restaurant Law Center,* the 80/20 Rule persisted in subregulatory guidance interpreting the Dual Jobs Regulation.  (*See generally* ECF No. 203.)  And, in this Court's view, that longstanding interpretive guidance was still entitled to *Auer* and/or *Skidmore* deference. (*Id.*)

Defendants now ask the Court to reconsider the Prior Order because the DOL

Wage and Hour Division has since (1) "made a technical amendment to the Dual Jobs

Regulation removing reference to the 80/20 Rule" and (2) "removed from the Field

Operations Handbook [('FOH')] any mention of time constraints related to the definition

or analysis of a tipped employee, including the 80/20 Rule . . .."  (ECF No. 223 at 2–3.)

As a result, they assert that "the controlling law relied upon by the Court in issuing its

Order no longer exists warranting reconsideration."  (*Id.* at 2.)

## II. LEGAL STANDARD

"Grounds warranting a motion to reconsider include (1) an intervening change in

the controlling law, (2) new evidence previously unavailable, and (3) the need to correct

clear error or prevent manifest injustice."  *Servants of Paraclete v. Does,* 204 F.3d 1005,

1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the

court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  "It is

not appropriate to revisit issues already addressed or advance arguments that could

have been raised in prior briefing."  *Id.*

## III. ANALYSIS

As noted above, Defendants now argue that the Court should reconsider its Prior

Order because, since that time, the DOL's Wage and Hour Division has implemented

two changes to applicable regulations and interpretive guidance.  (ECF No. 223 at 2–3.)

Neither change, however, convinces the Court that Plaintiffs' related side work claims

are foreclosed as a matter of law.

Foremost, Defendants inform the Court that, on December 17, 2024, the DOL's

Wage and Hour Division published a technical amendment to 29 C.F.R. § 531 that, by

Defendants' description, "restor[ed] the original dual jobs regulation at 56(e)."  (ECF No.

223 at 2.)  But the Court fails to see how Defendants have identified "an intervening

change in the controlling law" by pointing to a "technical amendment" that merely

reflects what *Restaurant Law Center* already set out to do: vacate the 2021 Final Rule

and restore the 1967 Dual Jobs Regulation.  120 F.4th at 177 ("We . . . VACATE the

Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967.").  Indeed,

the technical amendment expressly states that its purpose is to "account[] for changes

in the law which have already occurred."  (ECF No. 223-1 at 2.)

Second, Defendants inform the Court that, on January 14, 2025, the Wage and

Hour Division also revised the FOH to remove "any mention of time constraints related

to the definition or analysis of a tipped employee, including the 80/20 Rule . . . ."  (ECF

No. 223 at 2.)  To be sure, the current iteration of § 30d06 of the FOH, pertaining to

"Dual Jobs," has been dramatically pared back and significantly omits any discussion of

the "20 percent workweek tolerance" for "directly supporting work" that appeared in the

prior iteration of the FOH.  (*Compare* FOH § 30d06 (2023) *with* FOH § 30d06 (2025).)

Though these revisions to the FOH represent an intervening change to

administrative guidance, Defendants' Motion—the entirety of which is roughly one full

page in length—wholly fails to grapple with critical legal questions the Court raised in

the Prior Order.  (ECF No. 223.)  For instance, the Court previously observed that the

2021 Final Rule would not seem to apply to Plaintiffs' claims in any event, given "[n]ewly

promulgated agency rules, . . . are . . . given only prospective effect."  *Munoz v. Lynch,*

631 F. App'x 510, 512 (10th Cir. 2015).  The Court strongly suspects that same principle

extends to agency interpretive guidance.  But it declines to independently research and

analyze that issue where Defendants have made no effort to do so *despite* the Court's prior direction that, in future briefing, "it would aid the Court's analysis for the parties to take a clear position as to which iteration of the applicable laws, regulations, and administrative guidance governs Plaintiffs' claims in this case, particularly to the extent there are material differences between them."  (ECF No. 206 at 7 n.1.)

Moreover, even assuming that the 2025 revisions to the FOH Handbook retroactively apply to Plaintiffs' claims or otherwise temporally limit their recoverable damages, it is far from clear to the Court that the entire concept of "related side work" has been eviscerated.  Consistent with the Dual Jobs Regulation, FOH § 30d06 now states that "a tipped employee is still engaged in their tipped occupation when they perform nontipped duties that are related to their tipped occupation 'occasionally' or for 'part of the time.'"  *Cf.* 29 C.F.R. § 531.56(e).  Must the Court interpret "occasionally" or "part of the time" to mean that *any* amount of time spent on related side work is permissible?  If not, but "occasionally" or "part of the time" is no longer adjudged by an 80/20 threshold, then how much time spent on related side work is too much?

At bottom, Defendants' Motion is woefully underdeveloped regarding the legal impact of the recent revisions to the FOH to Plaintiffs' claims in this case.  As a result, whether such revisions have changed the legal standard governing Plaintiffs' related side work claims will remain a legal question the parties and the Court must instead grapple with at trial.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration (ECF No. 223) is DENIED.

Dated this 19th day of December, 2025.

BY THE COURT:

William J. Martinez
Senior United States District Judge